**Len J. DILLON et al.**

v.

**F. Steven BERG et al., Appellants.**

**Nos. 71-1520, 71-1760.**

United States Court of Appeals, Third Circuit.

Argued Dec. 6, 1971.

Decided Dec. 30, 1971.

Richard F. Corroon, Potter, Anderson & Corroon, Wilmington, Del. (Charles S.

Crompton, Jr., Wilmington, Del., on the brief), for appellants.

David T. Dana, III, Richards, Layton & Finger, Wilmington, Del., for appellee.

Before HASTIE, ALDISERT and ROSEN, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

Finding that a solicitation of proxies for the 1970 annual shareholders' meeting of Scotten, Dillon Company, a corporation, had been supported by accompanying data that was materially false and misleading, the District Court for the District of Delaware has ruled that the proxies thus obtained and the meeting at which they were voted were illegal. 1971, 326 F.Supp. 1214. The order of the court also contained detailed provisions for calling and conducting a special shareholders' meeting at which the qualified shareholders would be, as nearly as practicable, those who were eligible to participate in the voided meeting. This appeal has been taken from that order.

Several of the representations in the proxy material were correct and valid only if Ralph R. Power, a director of the corporation, had resigned in April 1970. In the circumstances permissibly found by the district court and set out in its opinion, we agree that the purported resignation of Power was not effective. Therefore, significant proxy materials were in fact false and misleading in several particulars enumerated and discussed in the opinion of the district court. 326 F.Supp. at 1223, 1225–1228. We find it unnecessary to consider other challenged proxy materials that were unrelated to the status of Power.

Both the action of the district court in invalidating the 1970 annual shareholders' meeting and its prescription of conditions of eligibility for participation in a special meeting to be held pursuant to the court's order were proper.

The judgment will be affirmed.