W.B. Dixon STROUD, Jr., Morris W. Stroud, Agnes S. Peelle, and Anne S. Bradford, Plaintiffs,

v.

MILLIKEN ENTERPRISES, INC., Dr. George C. Dacey, Dr. T.J. Malone, Roger Milliken, H.W. Jockers, Dr. H. Keith Brodie, Minot K. Milliken, F.G. Rogers, J. Peter Grace, Rene C. McPherson, and Gerrish H. Milliken, Defendants.

Civ. A. No. 8969.

Court of Chancery of Delaware, New Castle County.

Submitted: Nov. 4, 1987.
Decided: March 18, 1988.*

* Selected for publication Feb. 7, 1991.

William Prickett, Michael Hanrahan, and Philip B. Obbard, Prickett, Jones, Elliott, Kristol & Schnee, Wilmington, for plaintiffs.

Andrew B. Kirkpatrick, Jr., William H. Sudell, Jr., Andrew M. Johnston, and Mary B. Graham, Morris, Nichols, Arsht & Tunnell, Wilmington, for defendant-Milliken Enterprises, Inc.

Clark W. Furlow, and David A. Jenkins, Lassen, Smith, Katzenstein & Furlow, Wilmington, for individual director defendants.

HARTNETT, Vice Chancellor.

This suit is brought individually by the plaintiffs, on behalf of themselves, and derivatively on behalf of the other stockholders of defendant Milliken Enterprises, Inc., a Delaware corporation ("Milliken"). In the complaint, as now revised and amended, it is alleged that proposed amendments to Milliken's Certificate of Incorporation and By-laws are invalid as a matter of law and are also part of an illegal entrenchment scheme; that the proposed amendments, as revised after suit was filed, require a supermajority affirmative vote which is being concealed from the stockholders; that a revised notice of a proposed stockholder meeting fails to fully disclose all relevant facts; that the proxy attached to an earlier notice of the stockholders meeting was misleading; and that defendants' proposed revised amendments violate a temporary restraining order issued by this Court on April 23, 1987.

Pursuant to Chancery Rule 12(b)(6), the defendants, Milliken and its individual directors, moved to dismiss all of plaintiffs' claims. In support of dismissal, the defendants urge that the stockholder derivative claims must be dismissed because plaintiffs did not make a pre-suit demand on the directors of Milliken for relief and the complaint fails to allege, with particularity, the futility of a pre-suit demand. As to the individual claims, defendants argue that the proposed amendments to the Certificate of Incorporation and amendments to the By-laws adopted by the board are lawful under Delaware law; that the proposed notice to the stockholders complies with Delaware law; and that plaintiffs' other claims have been mooted.

I find that defendants' motion to dismiss as to the stockholder derivative claims must be granted because of the failure of plaintiffs to have made a pre-suit demand for relief upon the board of Milliken or to have shown that a pre-suit demand would have been futile. I further find that most of plaintiffs' individual claims must be dismissed because they are moot or are without merit but plaintiffs' claim that there are improper statements in the notice of the stockholder meeting cannot be dismissed because there are material defects in the notice. A motion for summary judgment filed by plaintiffs will not be considered because it is not now before the Court for consideration.

\* \* \*

[The following represents only a portion of the Court's opinion, which portion is published pursuant to Del.Sup.Ct.R. 93(b) ]

## VIII

The defendants also seek to have dismissed those individual claims of the plaintiffs' which allege that the revised amendments violate Delaware law.

■ Plaintiffs first argue that the proposed amended Article of Incorporation No. 11 provides invalid and unreasonable qualifications for directors. Proposed Article 11(a) provides that the Board of Directors shall consist of 9 to 13 members, to be fixed by a majority vote of directors. Unquestionably, Delaware law allows the Board to fix the number of directors within the restrictions imposed by the Certificate of Incorporation. 8 *Del. C.* § 141(k); *Ellin v. Consolidated Caribou Silver Mines, Inc.*, Del.Ch., 67 A.2d 416 (1949).

■ Proposed Article 11(b) provides that the directors are to be divided into three classes, with each director serving a three-year term. This is lawful under Delaware law. 8 *Del.C.* § 141(d).

Plaintiffs have focused most of their objections on proposed Article of Incorporation No. 11(c). This proposal creates three categories for directors. Category 1 requires that directors in that category will be individuals who have held line positions in other businesses or institutions and who are not officers, employees or stockholders of Milliken. A majority of the Directors must be from Category 1. At least three directors must be from Category 2 which requires that directors in that category be individuals who are beneficial stockholders of Milliken. Lastly, no more than 2 directors can be from Category 3, which will be chosen from the Chairman of the Board, the Chairman of the Executive Committee and the President of Milliken. If an individual is qualified to be a director under both Category 2 and 3, he or she will be deemed to be qualified only under Category 2. Proposed Article of Incorporation No. 11(c) further provides that if a director fails to remain qualified pursuant to re-

quirements of the category from which he was elected, he shall automatically cease to be a director.

Plaintiffs claim that proposed Article of Incorporation No. 11(c): (1) illegally requires qualifications for directors; (2) is impermissibly vague; (3) permits the incumbent Board to decide whether an individual is qualified under one of the three categories; (4) excludes shareholders from being directors unless they fit within one of the categories; (5) is contradictory in that it allows a Chairman of the Board to be nominated to the Board; and (6) automatically causes director removal.

■ The majority of plaintiffs' objections to Proposed Article of Incorporation No. 11(c) are concerned with the alleged arbitrary qualifications set for directors. The Delaware General Corporation Law, however, expressly authorizes qualifications for directors:

> "Directors need not be stockholders unless so required by the Certificate of Incorporation or the by-laws. *The Certificate of Incorporation or bylaws may prescribe other qualifications for directors.*" 8 *Del.C.* § 141(b) (emphasis added)

Contrary to plaintiffs' assertions, therefore, the Certificate of Incorporation can provide for reasonable director qualifications. *McWhirter v. Washington Royalties Co.*, Del.Ch., 152 A. 220, 224 (1930); *In re Gulla*, Del.Ch., 115 A. 317, 318 (1921).

■ The requirement that Category 1 directors be from "line", as opposed to "staff", positions is sufficiently clear. The distinction between those in "line" positions and "staff" positions is generally recognized in the most elementary of businesses, as the plaintiffs implicitly acknowledge in arguing that this qualification excludes "staff" personnel such as accountants, attorneys and other professionals hired to counsel the corporation.

■ Stockholders, under Delaware law, do not have a fundamental right to be directors. 8 *Del.C.* § 141(b). Plaintiffs' assertion that the stockholders are deprived of becoming directors is further re-

buked by the requirements of Category 2, that at least three directors must be stockholders.

The plaintiffs also argue that the restrictions placed on director qualifications are unreasonable and arbitrary and in support of their claim cite *Aprahamian v. HBO & Co.*, Del.Ch., 531 A.2d 1204 (1987). That case, however, only holds that an election for directors must be conducted with scrupulous fairness and without any advantage being conferred or denied to any candidate or slate of candidates. Here, under the procedures proposed, each nominee must still be approved by the majority of stockholders, and the nominees, as well as the stockholders, are likely to be aware of the qualifications. Unlike *Aprahamian*, supra, there is no evidence of any corporate manipulation of the election machinery. The election procedure is therefore not unfair.

Plaintiffs also challenged the proposed Article by claiming that an automatic termination of directors because of a loss of qualification violates the provisions of 8 *Del.C.* § 141(k)(1) and is inconsistent with the right of the stockholders to remove directors.

8 *Del.C.* § 141 provides in part:

"(k) Any director or the entire board of directors may be removed, with or without cause, by the holders of a majority of the shares then entitled to vote at an election of directors, except as follows:

(1) Unless the Certificate of Incorporation otherwise provides, in the case of a corporation whose board is classified as provided in subsection (d) of this section, shareholders may effect such removal only for cause;"

Proposed Article of Incorporation No. 11(c) provides an additional method of removal of a director. It expressly provides:

"Any director who, at any time during his term of office, fails to remain qualified under the Category under which he qualified at the time of his last election shall automatically cease to be a director of the corporation."

Generally, directors do not have power under Delaware law to remove fellow directors. *Dillon v. Berg*, D.Del., 326 F.Supp. 1214, 1225, *aff'd*, 3d Cir., 453 F.2d 876 (1971) (per curiam). The policy behind this rule is well stated in *Bruch v. National Guarantee Credit Corporation*, Del. Ch., 116 A. 738, 741 (1922):

"To allow directors to frame charges against one of their fellows and then to try to expel him, would open the door to possibilities of fraud which designing men might use to wrest control of corporate affairs from the stockholders, or their sympathetic representatives on the board, and transfer it to those who might seek to grasp the corporation for their own ends. The law does not look with disfavor on the policy of securing to minority stockholders a right of representation on the board of directors."

The present case, however, is distinguishable from these precedents. The directors will not have the discretion to remove other directors, the Certificate of Incorporation will provide for automatic termination upon a pre-determined occurrence. Only the failure to remain qualified will cause a director to be removed. This is akin to a resignation—not a removal.

Realistically, this is a privately held corporation in which Roger, Gerrish and Minot Milliken control over 50% of the outstanding common and preferred stock and their nominees are going to be elected. The nominees will likely be aware of their qualifications. The qualifications also will have the result of assuring outside independent directors—a goal to be commended, not prevented. I find, therefore, that the qualifications are not unreasonable under the circumstances.

Plaintiffs further argue that proposed Article 11(c) of the Certificate of Incorporation is internally inconsistent with proposed Article 11(f) which allows the stockholders to remove directors for cause upon a 75% vote. Proposed Article 11(f) merely provides an alternative method of termination that is permitted by 8 *Del.C.* § 141(k). The stockholder's right to remove directors for cause, therefore, does

not preclude the automatic termination of a director upon failure to be qualified under one of the three categories set forth in proposed Certificate of Incorporation No. 11.

 By-law No. 3(f) adopted by the Board provides that the Board or the officers shall be the arbitors of any issue concerning qualifications. Plaintiffs claim that this By-law is somehow illegal. The rational procedure of intracorporate governance provided in this By-law has long been employed to resolve questions of this nature. See 1A *FLETCHER Corporation Forms Annotated,* § 1263.2 (4th Ed.1982). Further, should any question arise concerning the propriety of the election or qualification of directors, 8 *Del.C.* § 225 provides an expeditious means of addressing that dispute.