A96A0539. AHN et al. v. LEE et al.
(471 SE2d 38)

McMURRAY, Presiding Judge.

This is a declaratory judgment action brought to determine which of two groups is the duly constituted board of directors authorized to govern the affairs of a non-profit corporation known as "Our Firm Foundation For Koreans, Inc.," which apparently operates a Christian church. The articles of incorporation designate, as the initial board of directors, Byung Kook Kang, Moon Sik Kwon, Chong Cheol Lee, Clinton Kim, and Andrew Ahn. On March 10, 1993, Kang purported to orally resign from the board of directors and the minutes of a board meeting of that date reflect the acceptance of that resignation. At that time, Clinton Kim and Moon Sik Kwon had not been involved in the corporation's affairs for some time. On March 18, 1993, the two remaining active members of the board of directors, Chong Cheol Lee and Andrew Ahn, held a meeting at which Jong Chul Bae, Jin Oh Kim, and Kuk Joo Ahn were elected to fill the apparent vacancies on the five member board of directors. On June 21, 1993, at a board of directors meeting called by Kang and Lee, the number of members on the board of directors was increased to nine

members: Andrew Ahn, Jong Chul Bae, Jin Oh Kim, Kuk Joo Ahn, Chong Cheol Lee, Byung Kook Kang, In Mo Chung, Young He Lee, and Sung Bok Seo. It should be noted that several individuals are members of both the March 18 and the June 21 boards of directors.

Plaintiffs Andrew Ahn, Jong Chul Bae, Jin Oh Kim, and Kuk Joo Ahn are plaintiffs who allege that the March 18 board of directors is entitled to control of the corporation. Defendants Chong Cheol Lee, Byung Kook Kang, In Mo Chung, Young He Lee, and Sung Bok Seo maintain that the oral resignation of Byung Kook Kang was legally insufficient and void, so that he remained a member of the board of directors, and that since Kang did not receive notice of the March 18, 1993 meeting of the board of directors the actions taken in that meeting including the election of three of the plaintiffs to the board of directors was a nullity. Defendants further maintain that the board of directors meeting of June 21, 1993 was legal and proper in all respects. The superior court adopted the substance of defendants' argument and granted summary judgment in favor of defendants and against plaintiffs. *Held*:

We reverse since the analysis by which it was determined that Byung Kook Kang remained a member of the board of directors despite the purported oral resignation is equally applicable to Moon Sik Kwon and Clinton Kim. These three individuals, along with Andrew Ahn and Chong Cheol Lee, were named as directors in the articles of incorporation of the corporation. Such designated directors may resign in writing pursuant to OCGA § 14-3-807 or may be removed pursuant to OCGA § 14-3-809. Since there has apparently been no compliance with the requirements of either of these statutes as to any of these individuals, they all remain directors of the corporation. This was recognized by the superior court with regard to Byung Kook Kang, but not as to the two remaining individuals, Moon Sik Kwon and Clinton Kim, perhaps due to their long absence from an active role in the affairs of the corporation. It follows that defendants have not been shown to comprise the lawful board of directors of the corporation and that the superior court erred in granting defendants' motion for summary judgment.

Defendants' "Motion for Imposition of Penalty" for frivolous appeal by plaintiffs is denied.

*Judgment reversed. Johnson, J., concurs. Ruffin, J., concurs specially.*

RUFFIN, Judge, concurring specially.

Although I concur in the judgment reversing the trial court's grant of summary judgment, I do not agree with the majority's holding that a director of a nonprofit corporation may resign only by giving written notice.

Two sets of "resignations" are central to this case: those of Moon Sik Kwon and Clinton Kim, who apparently moved away from Georgia, and that of Byung Kook Kang, who allegedly resigned at a meeting. Because all of these directors were appointed in the original articles of incorporation, they could be removed only by amending the articles. That leaves the question of whether, in fact, they resigned.

The statute regarding resignations by directors of nonprofit corporations, OCGA § 14-3-807 (a), states: "A director may resign at any time by delivering written notice to the board of directors, its presiding officer, or to the president or secretary, or in such other manner as the articles or bylaws may provide." Its interpretation presents a case of first impression in this state. Although the majority opinion's holding finds persuasive support in the federal case of *Dillon v. Berg*, 326 FSupp. 1214, 1222-1224 (D. Del.), aff'd, 453 F2d 876 (3rd Cir. 1971), it does not discuss that case. See also *Rare Earth, Inc. v. Hoorelbeke*, 401 FSupp. 26, 31-32 (SDNY 1975). But several other courts, interpreting nearly identical language, have found the "in writing" language to be permissive rather than mandatory.

These opinions point out that this particular statute, found in numerous corporation codes, was designed primarily to allow directors to resign without the board's approval, not to dictate the form of their resignation. *Wylie v. Marley Co.*, 891 F2d 1463, 1467-1470 (10th Cir. 1989); *Smith v. Great Basin Grain Co.*, 561 P2d 1299, 1310-1311 (Idaho 1977). At common law, for example, a director could resign orally. *Veg-Mix, Inc. v. USDA*, 832 F2d 601, 613 (D.C. Cir. 1987). At least one leading corporate authority seems to agree the "written notice" provision provides permission, not a mandate. See Fletcher Cyc. Corps., § 3:10. The corporation's articles or bylaws may dispose of this "requirement," demonstrating its permissive character. OCGA § 14-3-807 (a). Construing the "written notice" language to be permissive rather than mandatory would prevent nonprofit corporations from having to secure the written resignation of directors who have otherwise clearly shown their intent to resign and would harmonize our interpretation of this law with the weight of authority.

Even under this reading of the statute, a director must take some action showing he intends to resign, and whether he has resigned is a question of fact. *Smith*, 561 P2d at 1310-1311. If he has, he may not revoke that resignation without being re-elected to the board. *In re Hawaii Times Ltd.*, 53 BR 560, 563 (Bkrtcy. Hawaii 1985). Therefore, a jury should determine whether, by moving away and abandoning the church, Clinton Kim and Moon Sik Kwon intended to resign. A jury should further determine whether Kang intended to resign at the heated meeting or was, in all likelihood, simply sulking, with his verbal resignation capping the matter. Thus, I concur in the majority's holding.

DECIDED MAY 2, 1996.

*Forrester & Brim, Weymon H. Forrester, Richard C. Bellows*, for appellants.
*David W. Graybeal, Jr.*, for appellees.