ROBERT CATALANO, Plaintiff-Appellant, *v.* AETNA CASUALTY & SURETY
COMPANY OF ILLINOIS *et al.*, Defendants-Appellees.

Second District    No. 81-205

Opinion filed March 29, 1982.

Robert Ward, of Chicago, for appellant.

Jeffrey J. Asperger, Richard A. Buchanan, and James T. Ferrini, all of Clausen, Miller, Gorman, Caffrey & Witous, of Chicago, for appellees.

JUSTICE VAN DEUSEN delivered the opinion of the court:

On December 13, 1979, Beth Jordan Catalano (wife) filed a six-count complaint in the Circuit Court of Cook County against Aetna Casualty & Surety Company, Dennis Vance and Thorsen Insurance Services. The complaint sought equitable relief to compel Aetna to repair structural damage to her home and sought a monetary award for damages to personal property contained therein, as well as for personal property stolen from her automobile when the automobile itself was stolen. This relief was sought under a homeowner's insurance policy issued by Aetna to Beth Jordan Catalano covering the Catalano home, for which she held legal title. Additionally, the complaint sought a monetary award for damage to the automobile when it was stolen. The automobile was also owned by Beth Jordan Catalano, and it was insured by Aetna under a separate policy also issued to her. The other two counts set out tortious injuries allegedly sustained during adjustment of these losses.

On April 3, 1980, Robert Catalano (husband), plaintiff in the instant case, filed a three-count complaint in Du Page County Circuit Court against the same defendants. Count I of the instant complaint is virtually identical to count I in the Cook County complaint with the exception that the instant complaint seeks money damages while the Cook County complaint sought injunctive relief. Count III of the Du Page County complaint

and count VI of the Cook County complaint are also virtually identical. Insofar as count II of the instant complaint sets out facts constituting Thorsen's active involvement in an alleged Aetna-Vance-Thorsen conspiracy, the conspiracy allegations of the two complaints are somewhat different. Paragraphs 26-31 of count II of the Du Page County complaint, which appear to be culled almost verbatim from a broader count in the Cook County complaint, allege trespass and destruction of evidence by defendant Vance in regard to the theft of the wife's automobile, and these allegations bear no apparent relationship to the Aetna-Vance-Thorsen conspiracy that is the subject of count II.

According to section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 1 *et seq.*), a defendant may file a motion for dismissal or for other appropriate relief on the grounds "[t]hat there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c).) Such a motion to dismiss was made and granted in the present case. In this appeal, plaintiff asserts *inter alia* that both the parties and the causes are different so that section 48(1)(c) does not apply and that, therefore, the trial court erred in ordering dismissal of the action with prejudice.

■■■ Plaintiff first argues on appeal that husband and wife are separate persons under the law (Ill. Rev. Stat. 1979, ch. 40, par. 1001 *et seq.*), so that suits by the husband in one county and the wife in another county are not brought by the same person. However, under section 48(1)(c), "same parties" means that litigants are substantially the same, not identical. (*Baker v. Salomon* (1975), 31 Ill. App. 3d 278, 282.) Even accepting the factual allegations of the complaint as true and drawing all inferences therefrom in the nonmovant plaintiff's favor, it is clear that the husband alleges an interest in the same property and recovery under the same insurance contract as that alleged in the wife's suit. Though the husband was not named as a party to the wife's suit, it appears that his suit is grounded on allegations of property rights that establish a mutual relationship to the same property rights that are the subject of the co-pending litigation brought in his wife's name and that he is thus in privity with the suit of his wife. (*Smith v. Bishop* (1962), 26 Ill. 2d 434, 438; *Sweeting v. Campbell* (1954), 2 Ill. 2d 491, 496; *Houghton v. Novak* (1973), 9 Ill. App. 3d 699, 701.) Therefore, it appears that there is sufficient substantial identity of the parties for purposes of meeting the requirements of section 48(1)(c).

■■■ Plaintiff next maintains on appeal that the causes are different. In support thereof, he argues that plaintiff's suit alleges a conspiracy to defraud and out-of-pocket expenditures by the husband of $5,000, neither of which were alleged in the wife's complaint. However, the allegations of

conspiracy and request for money damages for out-of-pocket expenses in the instant complaint will not necessarily remove the two complaints from the ambit of section 48(1)(c) for failure to meet the "same cause" requirement of the statute. The statutory section refers to "the same cause," not to the same "cause of action"; actions are "for the same cause" where relief is requested on substantially the same set of facts. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562.) The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theory, issues, burden of proof or relief sought materially differ between the two actions; even though the purpose of the two actions is not identical, section 48(1)(c) may be invoked where there is a substantial similarity of issues between them. (*Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 867.) It is apparent, as plaintiff himself conceded in his answer to the motion to dismiss, that "the facts which gave rise to the original claim by Mrs. Catalano are the same in all lawsuits" so that the "same cause" requirement of section 48(1)(c) is also met in this case regardless of any difference in legal theories of recovery advanced.

Finally, plaintiff maintains on appeal that, even assuming arguendo that there were co-pending complaints between the same parties for the same cause, the statute does not mandate dismissal. He suggests that equity would require consolidation of the cases. *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 253, cited by plaintiff to support his position, does stand for the proposition that the circuit court possesses some degree of discretion in ruling upon a 48(1)(c) motion and that multiple actions in different jurisdictions, but arising out of the same operative facts, may be maintained where the circuit court, in a sound exercise of its discretion, determines that both actions should proceed.

■■ Construing *Staley*, this court has recently stated that, in exercising its discretion, the trial court should seek to effectuate the purpose of the statute of avoiding duplicative litigation. (*Tambone v. Simpson* (1980), 91 Ill. App. 3d 865, 869.) The trial judge in the instant case found that the situation appeared to be "multiple litigation, if one takes it as the substance rather than the shell." Considering the motions and arguments and reviewing the complaints in the instant case, it appears that the trial court's characterization was correct and that the trial court did not abuse its discretion in granting the relief sought under section 48(1)(c), dismissal of the action.

■■■ In his reply brief, plaintiff states that the trial court recognized that the "same party" requirement of section 48(1)(c) was not met, apparently citing a lack of a specific finding to that effect in the order. No contention of any such deficiency in the trial court order was raised prior to the reply

brief. The appellate court need not consider contentions made for the first time in a reply brief. (*Hall v. Humphrey-Lake Corp.* (1975), 29 Ill. App. 3d 956, 965.) Even assuming arguendo that the trial court's findings were incomplete or erroneous, the real issue on appeal is whether the order was correct and not the reasoning of the trial court or the grounds for the order (*Stigler v. City of Chicago* (1971), 48 Ill. 2d 20, 25), and a decree may be sustained upon any ground warranted by the record, irrespective of whether the particular reasons given by the trial judge or his specific findings are correct (*Monarski v. Greb* (1950), 407 Ill. 281, 291).

The record in this case clearly shows that the "same party" and "same cause" requirements of section 48(1)(c) were met. The trial judge accurately observed that this was a multiple litigation situation. The Civil Practice Act is to be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties (Ill. Rev. Stat. 1979, ch. 110, par. 4); the elimination of repetitious suits and the relief of both courts and litigants from the unnecessary burden of trying the same issue pending in another action are consistent with the spirit and purpose of the Act. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562.) The trial court properly dismissed this action on section 48(1)(c) grounds, since the substantive rights of the parties, which are the subject of the controversy, will be resolved in the Cook County suit and both the courts and the litigants will be spared the burden of trying these duplicitous actions.

For the reasons set forth above, the trial court properly dismissed this action. Having made this determination, we need not consider the other contentions raised by the plaintiff.

The judgment of the circuit court of Du Page County is affirmed.

Affirmed.

SEIDENFELD, P. J., and UNVERZAGT, J., concur.