**GENERAL ELECTRIC COMPANY, Plaintiff,**

v.

**Bertha LOFTON, Defendant.**

**No. 87 C 8541.**

United States District Court, N.D. Illinois, E.D.

Oct. 6, 1987.

Bruce Alper, Richard Schnadig, Vedder, Price, Kaufman & Kummholz, Chicago, Ill., for plaintiff.

Bertha Lofton, pro se.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

General Electric Company ("GE") has just filed suit for declaratory relief against Bertha Lofton ("Lofton"). For the reason stated in this sua sponte memorandum opinion and order, GE's counsel are directed to address the potential applicability of Ill.Rev.Stat. ch. 110, ¶ 2–619(a)(3) ("Section 2–619(a)(3)") to require dismissal of this action.

Lofton has a suit pending against GE in the Circuit Court of Cook County, Illinois (Case No. 86 L 6547), charging she was wrongfully discharged in retaliation for exercising her rights under the Illinois Worker's Compensation Act. GE sought to remove that action to this District Court last year, and this Court remanded the case to the state court. Paragraphs 16 and 17 of GE's current Complaint describe the present posture of the Circuit Court litigation:

16. On May 30, 1986, G.E. filed its answer to the complaint in Cook County Circuit Court. G.E. asserted as additional defenses that Lofton's claim was preempted by Section 301; Lofton had not exhausted her grievance and arbitration remedies under the controlling collective bargaining agreement; and her claim was barred by the statute of limitations under Section 301.

17. On August 19, 1986, after remand, Lofton was deposed. The parties have never appeared in state court. No motions have been filed there and no Court orders have been entered.

What GE seeks by its present declaratory judgment action is exactly the same determination sought in the state-court litigation by its "additional defenses" described in Complaint ¶ 16. Its "Claim for Relief" paragraphs in the current Complaint (Complaint ¶¶ 22–25) mirror those defenses item-by-item, in reliance on our Court of Appeals' decision in *Lingle v. Norge Division of Magic Chef, Inc.,* 823 F.2d 1031 (7th Cir.1987), *cert. applied for* Aug. 14, 1987 (see 56 U.S.L.W. 3165).[1]

Because of the identity of the parties and the identity of relief sought by GE, this action would appear ripe for dismissal under Section 2–619(a)(3), which mandates dismissal on the ground "That there is another action pending between the same parties for the same cause." Though to be sure this is a federal court and the quoted legislation is a state statute, a long line of cases beginning with Judge Will's decision in *Seaboard Finance Co. v. Davis,* 276 F.Supp. 507 (N.D.Ill.1967) has consistently applied the statute in diversity cases (here GE's original removal petition recited the diverse citizenship of the parties as one

ground for removal). See *Byer Museum of the Arts v. North River Insurance Co.,* 622 F.Supp. 1381, 1383–84 (N.D.Ill.1985) and the numerous decisions cited there. Our Court of Appeals has similarly opined that the predecessor of Section 2–619(a)(3) would have to be applied under *Erie v. Tompkins* doctrine in diversity litigation (*Commonwealth Edison Co. v. Gulf Oil Corp.,* 541 F.2d 1263, 1271 (7th Cir.1976)).

Here, to be sure, the situation may be at or near the intersection identified by *Commonwealth Edison, id.* at 1272. Lofton seeks to advance a purely *state*-based claim, while GE advances *federally*-based grounds for rejecting that claim. But if GE is right about the impact of *Lingle* on Lofton's state-court lawsuit, the Supremacy Clause would obligate the Circuit Court to dismiss Lofton's action directly. What GE seeks here, albeit couched in declaratory-relief terms, would only serve as a prelude—a stepping stone—to dismissal of the state court action on issue-preclusion or claim-preclusion grounds. Only the Circuit Court can do that, so GE will have to return to that court for ultimate relief anyway. No reason appears for GE's failure to do directly what it seeks by indirection here—for its asking this Court to declare rights that can have a substantive effect only when another court thereafter acts on the strength of that declaration.

Accordingly GE's counsel is directed on or before October 20, 1987 to respond to two questions:

1. Why does it not simply pursue its identical and already-asserted affirmative defenses directly in the state court?

2. Because nothing prevents GE's doing just that, why should this action not be dismissed under Section 2–619(a)(3)? [2]

---

1. It will of course be interesting to see whether the Supreme Court grants certiorari in light of the sharp split among circuits as to federal preemption of workers'-compensation-claim-motivated firing actions under state law (see, e.g., *Baldracchi v. Pratt & Whitney Aircraft Div'n, United Technologies Corp.,* 814 F.2d 102 (2d Cir.1987), reaching the opposite conclusion from that of our Court of Appeals and lining up the conflicting views (*id.* at 107), *cert. applied for* Aug. 24, 1987 (see 56 U.S.L.W. 3200)). [Editor's Note: A week after this opinion was written, the Supreme Court granted certiorari in *Lin-*

*gle,* — U.S. —, 108 S.Ct. 226, 98 L.Ed.2d 185 (1987)].

2. Complaint ¶¶ 20–21 anticipates a less serious potential roadblock to this action by arguing *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) calls for this Court to consider this action despite the pending state-court lawsuit. As this opinion reflects, it is unnecessary to deal with the possible impact of the *Colorado River* doctrine at this point (if GE survives the first round of inquiry posed in this

Because the identity of Lofton's counsel is already known as a result of the state court litigation, a courtesy copy of this memorandum opinion and order is sent to that counsel as well.

paragraph of the text, it may become necessary to address *Colorado River* ).