**Adrianna BALL and Christopher John Ball, Plaintiffs,**

**v.**

**DEERE & COMPANY, a Delaware corporation, Defendant.**

**No. 87–4059, 87–4062.**

United States District Court, C.D. Illinois, Rock Island Division.

May 3, 1988.

Jack B. Sellers, Sapulpa, Okl., for plaintiffs.

Richard Batcher, J. Wilson McAllister, Law Dept., Deere & Co., Moline, Ill., Dean Jackson, Springfield, Ill., for defendant.

## ORDER

MIHM, District Judge.

Presently before the Court is the Defendant's Motion to Dismiss the pending action on the grounds that a prior pending action warrants dismissal of this federal case. The Court agrees with the Defendant's position and grants its Motion to Dismiss.

On August 29, 1986, the Plaintiff Christopher John Ball filed a lawsuit in Alberta, Canada, against the Defendant arising out of a combine accident that occurred on September 29, 1984. The Alberta, Canada action is currently pending and active in the court's Queens' Bench of Alberta Judicial District of Lethbridge. Ball and his wife, Adrianna Ball, subsequently filed the same as a diversity action against this Defendant in the Northern District, Eastern Division of Illinois. The action was transferred from the Northern District of Illinois to this district on the basis of improper venue.

■ The Defendant notes that according to the Rules Enabling Act and the *Erie Doctrine*, if a federal rule of civil procedure directly covers a procedural issue, the federal rule controls. A federal rule of civil procedure supersedes any conflicting state rule in a diversity action. *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). However, if no federal rule of civil procedure covers the issue, the Rules of Decision Act, 28 U.S.C. § 1652 applies. The Rules of Decision Act provides:

"The laws of the several states, except where the Constitution or treaties of the United States or acts of Congress otherwise require or provide, shall be regarded as Rules of Decisions in civil actions in the court of the United States, in cases where they apply." 28 U.S.C. § 1652. Therefore, a state statute directly covering an issue will apply if a federal rule of civil procedure does not pertain to the issue.

■ The issue of dismissing an action based on the existence of a prior pending action is not covered by any federal rule of civil procedure. The Illinois Code of Civil Procedure, however, includes a section which directly addresses the procedure of dismissing an action based on the existence of a prior pending action. Section 2–619 of the Illinois Code of Civil Procedure provides, in relevant part:

"The defendant may within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds ... (c) that there is another action pending between same parties for the same cause." Ill.Rev.Stat., ch. 110, § 2–619.

Pursuant to the Rules of Decision Act, § 2–619 of the Illinois Code of Civil Procedure applies in this case because there is no federal rule of civil procedure which directly addresses this issue.

In *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263 (7th Cir.1976), the defendant moved in the district court to dismiss pursuant to § 2–619 of the Illinois Code of Civil Procedure on the basis of another case pending in the state court of Illinois. Adding that the action in question was not a diversity suit but instead involved important federal rights, the Seventh Circuit stated, "were it simply a diversity suit involving a nonfederal claim, the *Erie Doctrine* would require the court to consider Illinois law." *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d at 1371.

In *Skolnick v. Martin*, 32 Ill.2d 55, 203 N.E.2d 428 (1964), the Illinois Supreme Court announced that the purpose of § 2–619 was the "elimination of repetitious suits and the relief of courts and litigants alike from the unnecessary burden of trying the same issues pending in another action." *Skolnick v. Martin*, 32 Ill.2d at

59, 203 N.E.2d 428. Thus, the Defendant asserts that § 2–619 is applicable in the instant case and that it mandates a dismissal of this diversity suit in this federal court.

Alternatively, the Defendant notes that the Court could exercise its discretion and dismiss this action for reasons of "wise judicial administration." *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983). In *Colorado River,* the court stated that a district court faced with a motion to dismiss may consider conservation of judicial resources in comprehensive disposition of litigation. *Id.* 103 S.Ct. at 817. The Supreme Court noted that one factor to be considered "in assessing the appropriateness of dismissal in the event of exercise of concurrent jurisdiction ... is the desirability of avoiding piecemeal litigation...." *Id.* at 818.

The Defendant asserts that public policy favors resolution in a single suit of what is truly a single controversy. *Asbury v. Chesapeake and Ohio Railroad Co.,* 264 F.Supp. 437 (D.C.D.C.1967). It asserts that both the instant case and the Alberta, Canada action involve identical facts and identical issues. Therefore, it is appropriate for this Court to avoid unnecessary duplicative litigation by dismissing this action.

In response, the Plaintiffs assert that although § 2–619 may be applicable in cases where the action is filed in both federal and state court, § 2–619 is not applicable where the alternative action is filed in a foreign court. The Plaintiffs bring to the attention of this Court a line of cases which it asserts distinguishes *Skolnick* from the instant set of facts. These cases include *Farah v. Farah,* 25 Ill.App.3d 481, 323 N.E.2d 361 (1st Dist.1975), *Goldberg v. Goldberg,* 27 Ill.App.3d 94, 327 N.E.2d 299 (1975) and *Dayan v. McDonald's Corp.,* 64 Ill.App.3d 984, 382 N.E.2d 55, 21 Ill.Dec. 761 (1978).

As pointed out by the Defendant in its reply to Plaintiffs' supplemental response to Motion to Dismiss, the line of cases to which the Plaintiffs refer are cases which preceded the enactment of the Uniform Foreign Money–Judgments Recognition Act. The Defendant argues that, as noted by the Court in *Farah v. Farah,* 25 Ill.App. 3d 481, 323 N.E.2d 361 (1st Dist.1975), in which the plaintiff wife filed divorce actions in both Lebanon and Illinois, the full faith and credit clause of the United States Constitution did not require an Illinois court to recognize or enforce a decree of a foreign country. *Farah v. Farah,* 323 N.E.2d at 368. The appellate court in that case concluded that since there was no obligation to recognize or enforce a foreign judgment there was certainly no obligation to consider the pendency of a foreign action for purposes of the application of § 48(1)(c) of the Civil Practice Act (now recodified as § 2–619(a)(3) of the Code of Civil Procedure). *Id.*

The Defendant notes that with the adoption of the Uniform Foreign Money–Judgments Recognition Act, the rationale for the decision in *Farah* no longer exists. Under the Act, a foreign judgment is now recognized in Illinois provided that jurisdiction existed over the subject matter and defendant and that the procedures in the foreign court accorded the defendant minimal due process. Ill.Rev.Stat., ch. 110, § 12–618 *et seq.* Thus, with the adoption of the Uniform Foreign Money–Judgments Recognition Act in Illinois, foreign judgments now stand on equal footing with judgments of sister states, and the pendency of a Canadian action is a "pending action" for the purpose of § 2–619(a)(3).

The Defendant argues that even if Illinois had not adopted the Uniform Foreign Money–Judgments Recognition Act, § 2–619(a)(3) would apply in this case because it involves a suit that is pending in Canada. *Farah* was a case where the second action was pending in Lebanon. Thus, as the court in *Farah* noted, even if the suit was reduced to judgment, there would be no obligation to recognize and enforce the Lebanese judgment. However, in this case we are not dealing with a suit pending in Lebanon—but rather in Canada—and

Canadian judgments have been recognized in the United States under the doctrine of comity. *Ritchie v. McMullen*, 159 U.S. 235, 16 S.Ct. 171, 40 L.Ed. 133 (1895); *Clarkson Co., Ltd. v. Shaheen*, 544 F.2d 624, 629–30 (2nd Cir.1976); *Toronto–Dominion Bank v. Hall*, 367 F.Supp. 1009 (E.D.Ark.1973). Thus, the decision in *Farah* may well have been different if the action had been pending in Canada, which is a sister common law jurisdiction.

Additionally, for the purposes of § 2–619(a)(3), the parties need not be identical. All that is required is that the litigants be substantially the same. *Baker v. Salomon*, 31 Ill.App.3d 278, 334 N.E.2d 313 (1st Dist.1975). In the instant case, the Court recognizes that in the Canadian action only Christopher Ball is a Plaintiff, whereas in the Illinois action his wife is also a party. However, since the relief requested is based upon a common set of facts, the Defendant asserts that the requirements are satisfied and the action should be dismissed. *Catalano v. Aetna Casualty & Surety Co. of Illinois*, 105 Ill.App.3d 195, 434 N.E.2d 31, 61 Ill.Dec. 94 (2nd Dist.1982) (suit by husband in one county and wife in another county met the substantial identity requirement).

After reviewing the cases and applicable statutes set forth by the parties, the Court finds that this case must be dismissed on the basis of comity. Reviewing the complaints in both cases, the actions appear to be the same, requesting the same relief arising from the same core of facts.

The Court's research leads it to the conclusion that the analysis set forth by the Defendant is correct concerning the applicable law in this case, i.e., § 2–619 (Illinois Code of Civil Procedure), and that a Canadian judgment is to be treated like a "sister judgment."

Lastly, the Defendant moves for dismissal of this action on the basis of *forum non convenience*. The underlying concept of dismissal on the grounds of *forum non convenience* is the requirement that there be a significantly more convenient alternative forum in which a lawsuit may be maintained. *In re Oil Spill by "Amoco Cadiz"*

*off Coast of France on March 16, 1978*, 491 F.Supp. 170 (D.C.Ill.1979). The parties concur that a leading federal decision on *forum non convenience* is *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). In that case, the Supreme Court stated:

"If the combination and weight of factors requisite to given results are difficult to forecast or state, those to be considered are not difficult to name. An interest to be considered, and the one likely to be most pressed, as a private interest of the litigant. Important considerations of the relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling; and the cost of obtaining attendance of willing witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive. There may also be questions as to the enforceability [sic] of a judgment if one is obtained. The court will weigh relative advantages and obstacles to fair trial. It is often said that the plaintiff may not, by choice of inconvenient forum, 'vex,' 'harass,' or 'oppress' the defendant by inflicting upon him expense or trouble not necessary to his own right to pursue his remedy [footnote omitted] but unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gulf Oil*, 330 U.S. at 508, 67 S.Ct. at 843.

▆ Both parties review in their pleadings the factors identified and set out by the Supreme Court in *Gulf Oil*. After reviewing these pleadings and the applicable case law, it is the Court's opinion that in the instant case the scales are tipped in favor of the Defendant, and therefore, the case can appropriately be dismissed also on the basis of *forum non convenience*.

The record reflects the following:

1. Plaintiff's residence in the Province of Alberta, Canada, which is also the location of the accident.

2. The product is owned by a Canadian company and is most likely still located in Canada.

3. Plaintiff's employer, supervisor, and co-worker are Canadian residents.

4. Plaintiff's medical treatment and hospitalization was in Canada.

5. Plaintiff's employer, supervisor, and co-workers are co-defendants with Deere & Co. in the Canadian action.

6. Plaintiff seeks a joint and several judgment against all the Defendants including Deere & Co. in the Canadian action.

Further, the question of conflict of laws is discussed by the parties. Pursuant to the Illinois Supreme Court decision in *Ingersoll v. Klein*, 46 Ill.2d 42, 262 N.E.2d 593 (1973), the conflicts of law rule in Illinois is that the law of the place of the injury should determine the rights and liabilities of the party, unless Illinois has a more significant relationship with the occurrence and the parties, in which case, Illinois law should apply.

In the present action, the only relationship with the State of Illinois is that the product was manufactured there. As previously outlined, all of the other relationships with the parties and occurrences are Canadian. Furthermore, even if Canadian law is not as favorable as Illinois law, that factor is not particularly relevant in that there is no allegation that Canada does not provide an adequate forum. *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 251, 102 S.Ct. 252, 263, 70 L.Ed.2d 419 (1981). As pointed out by the Defendant, if the test for dismissal was whether American law is more favorable to Plaintiff than Canadian law then American courts, which are already extremely attractive to foreign plaintiffs, would become even more attractive. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 252, 102 S.Ct. at 264.

Although the Plaintiff claims that the fact that he was employed in Canada at the time of the accident is irrelevant, this factor is relevant since he has sued his employer, supervisor, and co-workers, who are all Canadian residents. There is no reason to believe that any of these Defendants are subject to the jurisdiction of this Court. This means that Defendant Deere may possibly be precluded from bringing third party actions against them. This fact weighs heavily in favor of holding the trial in Canada. *Piper Aircraft Co. v. Reyno*, 454 U.S. at 257, 102 S.Ct. 267.

The parties both admit that many potential witnesses reside in Canada. However, Plaintiff asserts that this is not a critical factor because the Plaintiffs will fully cooperate in securing the witnesses' testimony. Presumably, Plaintiffs mean that they will cooperate in securing deposition testimony, not insuring the appearance of these witnesses at trial. As Defendant points out, the issue to be considered is not whether Plaintiffs will cooperate in securing testimony, but rather the availability of compulsory process for the attendance of unwilling witnesses, and the cost of obtaining attendance of willing witnesses. *Mergenthaler Linotype Corp. v. Leonard Storch*, 66 Ill.App.3d 789, 383 N.E.2d 1379, 1389, 23 Ill.Dec. 352, 362 (1st Dist.1978). The list of potential and possible witnesses is long and they all reside in Canada.

It appears that Illinois does not have a substantial interest in adjudicating the rights and liabilities of the Plaintiffs. In *Piper*, the court found that the American interest in the accident was simply not sufficient to justify the enormous commitment of judicial time and resources that a trial in an American court would require. *Piper*, 454 U.S. at 261, 102 S.Ct. at 268. The Defendant asserts that the holding in *Piper* reinforced earlier decisions that held that the fact that a product was designed or manufactured in the state in which the action was brought would not defeat a motion based on *forum non convenience* or prevent the court from granting such a motion. *Mizokami Bros. of Arizona v. Mobay Chemical Corp.*, 660 F.2d 712, 718 (8th Cir.1981); *Pain v. United Technologies Corp.*, 637 F.2d 775, 786, 790 (D.C.Cir. 1980); *Abiaad v. General Motors Corp.*, 538 F.Supp. 537, 542 (E.D.Penn.1982); *Grodinsky v. Fairchild Industries, Inc.*, 507 F.Supp. 1245, 1249–1251 (D.C.Md.1981); *Michell v. General Motors*, 439 F.Supp. 24, 27 (N.D. Ohio 1977).

The Defendants have answered the complaint in the Canadian court, and have waived any and all objections to the statute of limitations. Therefore, based upon all of the factors which have been addressed in this Order, the Court finds that the factors weigh significantly in favor of the Defendant and dismissal on the basis of *forum non convenience* is also appropriate.

It is ordered that the Defendant's Motion to Dismiss is GRANTED on the basis of comity and *forum non conveniens.*