**Charles V. SCHILLER, Patricia F. Katsenes, and Just Pack & Ship, Inc., Plaintiffs,**

v.

**The PACKAGING STORE, INC., Richard T. Godwin, Richard F. Swider and Debra Swider, Defendants.**

**No. 87 C 8562.**

United States District Court, N.D. Illinois, E.D.

Aug. 3, 1988.

712

Robert R. Benjamin, Chicago, Ill., for plaintiffs.

James J. Hill, Emrich & Dithmar, Jeffrey S. Heller, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., Denis H. Mark, Denver, Colo., William Callahan, David & Kuelthau, Milwaukee, Wis., for defendants.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

Plaintiffs Charles Schiller, Patricia Katsenes and Just Pack & Ship, Inc. bring this action charging breach of a franchise agreement and violations of the Illinois Franchise Disclosure Act. Defendants The Packaging Store, Inc. ("Store") and Rich-ard T. Godwin have filed a motion to dismiss which, for the reasons set forth below, is granted.[1]

### Factual Background and Procedural History

Our jurisdiction over this action is founded on the diversity of citizenship of the parties. Plaintiffs are citizens of Illinois.[2] Godwin and the Store are citizens of Colorado.[3] The Swiders are citizens of Wisconsin. On September 14, 1986, plaintiffs purchased a franchise from the Store for purposes of providing packaging and freight services and selling packaging materials. The deal was governed by a franchise agreement ("Agreement"). After giving written notice to plaintiffs that they had defaulted by failing to follow certain terms of the Agreement, the Store terminated the Agreement. The parties dispute the precise timing of the notice.

On August 26, 1987, the Store filed an action in a Colorado state court against Schiller and Katsenes charging breach of the Agreement by, *inter alia,* their failure to pay advertising and royalty fees and to submit certain transmittal forms and their assigning an interest in the Agreement to Just Pack & Ship. The Store prayed for damages and an order disenfranchising Schiller and Katsenes. *The Packaging Store, Inc. v. Charles V. Schiller and Patricia F. Katsenes,* No. 87 CV 16800, District Court, City and County of Denver, State of Colorado. In September, Schiller and Katsenes moved to dismiss the action for lack of jurisdiction and venue and to quash the summons on the grounds that the forum selection clause of the Agreement was invalid and unenforceable under Illinois law.

While awaiting resolution of their motion to dismiss in the Colorado court, plaintiffs filed this two-count action on October 1, 1987, seeking damages and rescission of the Agreement and charging breach of the

1. We further grant the defendants' stipulated motion to dismiss the Swiders' amended cross-claims against Godwin and the Store.

2. Schiller and Katsenes are Illinois residents, and Just Pack & Ship, Inc. is an Illinois corporation with its principal place of business in Illinois.

3. The Store is a Colorado corporation with its principal place of business in Colorado.

Agreement and violations of Illinois law by defendants' failure to provide thirty days for curing the alleged breaches prior to termination and failure to use the franchise fee in certain ways. Additionally, plaintiffs charge fraud in certain representations. The Store and Godwin answered and counterclaimed with a claim virtually identical to their claim in the Colorado action. Schiller and Katsenes filed their answer to the counterclaim.

On December 9, the Colorado court denied Schiller and Katsenes' motion to dismiss, finding the forum selection clause valid and enforceable. Schiller and Katsenes answered the Colorado complaint on December 29 (with pleadings identical to their answer to defendants' counterclaim in this action) and additionally pled a counterclaim identical to their complaint in this action.[4] The Colorado state court has set the case for trial on February 6, 1989. The Store and Godwin have filed motions for summary judgment in both actions.

On January 15, 1988, the plaintiffs filed a motion for preliminary injunction in this Court, seeking to enjoin defendants from taking any further action in the Colorado action. Magistrate W. Thomas Rosemond, Jr., on referral, recommended that the motion be denied and that we assess sanctions under Fed.R.Civ.P. 11 on the grounds that the preliminary injunction request was unsupported by the law and not brought in good faith. We adopted the Magistrate's Report and Recommendation, denying the injunction and assessing sanctions. The defendants now move to dismiss this action under § 2–619(a)(3) of the Illinois Code of Civil Procedure on the grounds that we should refrain from exercising our jurisdiction when a state court is litigating identical claims. We agree and accordingly dismiss.

### Discussion

Section 2–619(a)(3) of Illinois Code of Civil Procedure provides

**4.** Schiller and Katsenes named the Swiders as cross-defendants in the Colorado action.

**5.** The parties do not dispute that this Illinois provision applies to this diversity action. *Byer Museum of Arts v. North River Insurance Co.,*

§ 2–619. Involuntary dismissal based upon certain defects or defenses. (a) Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. If the grounds do not appear on the face of the pleading attacked the motion shall be supported by affidavit:

\*     \*     \*     \*     \*     \*

(3) That there is another action pending between the same parties for the same cause.

Ill.Rev.Stat. ch. 110 ¶ 2–619(a)(3) (1983).[5]

In deciding whether to dismiss a diversity action on the basis of § 2–619, we apply the analysis set forth in *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976) (*"Colorado River"*), and its progeny. *Byer Museum of Arts v. North River Ins. Co.,* 622 F.Supp. 1381, 1384–85 (N.D.Ill.1985). In *Colorado River,* the Supreme Court held that, despite a federal court's "virtually unflagging obligation" to exercise its jurisdiction, "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation'" may in certain instances justify a court's dismissing or staying an action when there is an ongoing parallel action in state court. 96 S.Ct. at 1246, *quoting Kerotest Mfg. Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952). The Court listed a number of factors, no one factor being determinative, that a district court should carefully consider in deciding whether to refrain from exercising jurisdiction. Since *Colorado River,* the Supreme Court and Seventh Circuit have extended and refined these factors to include:

(1) inconvenience of simultaneously litigating in the state and federal forums, *id.,* 96 S.Ct. at 1247;

(2) likelihood of piecemeal litigation, *id.;*

622 F.Supp. 1381, 1383–84 (N.D.Ill.1985); *General Investment Funds Real Estate Holding Company v. Exchange National Bank of Chicago,* No. 79 C 1286, slip op. (N.D.Ill. April 14, 1980).

(3) order in which the concurrent forums first exercised jurisdiction, *id.* (although by itself, this factor is not given much weight, *Evans Transp. Co. v. Scullin Steel Co.*, 693 F.2d 715, 718 (7th Cir.1982);

(4) source of governing law, state or federal, *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983);

(5) ability of the state court to protect the asserted rights of the federal plaintiff, *id.*, 103 S.Ct. at 942;

(6) relative progress of the state and federal proceedings, *id.* at 939;

(7) the ability of the federal plaintiff to remove the state court action to federal court, *Microsoftware Computer Systems, Inc. v. Ontel Corp.*, 686 F.2d 531, 537 (7th Cir.1982), *overruled on other grounds, Gulf Stream Aerospace Corp. v. Mayacamas Corp.*, —— U.S. ——, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988); and

(8) the vexatious or contrived nature of the federal claim, *Calvert Fire Ins. Co. v. American Mut. Reinsurance Co.*, 600 F.2d 1228, 1234 (7th Cir. 1979).

*See generally, Interstate Material Corporation v. Chicago*, 847 F.2d 1285 (7th Cir. 1988). Balancing the factors relevant to this case, we conclude that they weigh heavily in favor of dismissal.

At the outset, we observe that this and the Colorado action are "the same" for purposes of § 2–615 and "parallel" for purposes of the *Colorado River* doctrine. The only requirement to trigger application of the doctrine is that "substantially the same parties are contemporaneously litigating substantially the same issues in another forum." *Calvert Fire Ins. Co.*, 600 F.2d at 1229 n. 1. The parties in both actions are identical, with their alignment constituting the only difference. *Cf., Microsoftware*, 686 F.2d 531. The Store filed the Colorado

action whereas Schiller and Kastenes filed this action. The claims and issues are also identical. Both parties, in their respective complaints and counterclaims, charge breach of the Agreement and base their claims in both courts on the same acts of their adversaries. Schiller and Katsenes maintain the same fraud claim in both courts. Additionally, the defenses that each party raises are identical in both actions. It is instructive that the parties use verbatim language in their pleadings in both actions.

The following factors weigh heavily in favor of dismissing this action: the order of filing, the potential for piecemeal litigation and the inconvenience of simultaneously litigating these claims in Colorado and Illinois. The Colorado action was filed first, over a month before this action. As to the potential for piecemeal litigation, it is clear from the identity of claims that the parties are litigating the same issues in both courts. Fully-briefed summary judgment motions are currently pending in this action and the parties briefed similar motions in the Colorado action.[6] Under principles of res judicata, it is possible that an early decision by one court will bind the other court. This presents a strong motivation for either party to accelerate or stall proceedings in the appropriate court in order to make certain that the court most likely to resolve an issue in its favor rules first. "The result would be quite similar to forum shopping, and is just as unseemly." *Microsoftware*, 686 F.2d at 538. Further, we cannot ignore the real possibility that one court, unaware of the most recent decisions of the other court, will resolve an issue differently and thereby create conflicting results on the same issue of fact or law.

Simultaneously litigating this action in Illinois and Colorado inconveniences both parties. In *Microsoftware*, the Seventh Circuit ordered a federal action in Illinois stayed[7] pending resolution of a parallel action in a New York court. The Court's

---

6. Defendants indicate in their recently filed supplemental motion for summary judgment that the Colorado court granted their motion for summary judgment, and Schiller and Katsenes

have appealed that decision in the Colorado courts.

7. While the Supreme Court in *Colorado River* considered the dismissal of federal proceedings

decision was based in part on circumstances similar to the posture of the two actions here:

> [T]here would be a grand waste of efforts by both the courts and parties in litigating the same issues regarding the same contract in two forums at once. The two courts are geographically distant so that either there must be two sets of attorneys or else the attorneys will be forced to commute long distances. Since there is only one set of witnesses, they too will be forced to travel.... And even if there were less effort required to try the case in Illinois than New York, the former must be viewed as additional effort spent resolving the dispute because the New York court will not likely stay its proceedings in deference to the late-coming district court. *Id.* at 538.

The plaintiffs' argument that a federal court in Illinois is much more convenient than a court in Colorado is convincing but misses the point. Our concern is not which of the two courts is most convenient but whether simultaneously litigating in the federal forum poses a significant additional inconvenience on either party. Like the Seventh Circuit in *Microsoftware,* we believe that it does. Further, The Store and Godwin elected to exercise their contractual right to bring their claims under the Agreement in the Colorado state court. Schiller and Katsenes cannot now avoid that provision of the Agreement by bringing a later action in an Illinois federal court and justifying it on grounds that it would be more convenient to depose witnesses or accumulate evidence in Illinois.

Plaintiffs oppose dismissal based on two factors—the federal interest in this action and the relative progress of the litigation. We find neither factor militating for or against dismissal. There is no strong federal interest in this diversity action. State law governs this action.[8] *Cf., Microsoftware,* 686 F.2d 531. Any unfavorable bias

that the plaintiffs, as Illinois residents, might experience in a Colorado state court could be avoided by removal from that court to the federal district court in Colorado. There is no need to pursue a federal action in another state when removal is available to obtain the protections of a federal court. *See, id.* at 537.

As to the relative progress of litigation in this action and the Colorado action the Colorado court has already granted the Store and Godwin's motion for summary judgment and appeal is pending before the Colorado appellate court. Plaintiffs make much of the fact that discovery has been completed here and motions for summary judgment are fully-briefed. Given the resolution of these claims in the Colorado action, it is apparent that the efforts expended here were not and need not be duplicated for application to the Colorado action. Further, we ordered the parties to pursue expedited discovery and briefing schedules. To continue with these proceedings on the grounds that discovery is near completion and we have fully-briefed motions for summary judgment, despite the presence of factors weighing heavily in favor of dismissal, would provide an incentive for defendants similarly situated in future actions to drag their feet and not comply with our pretrial schedule.

### Conclusion

The potential for piecemeal litigation and conflicting resolution of issues, the inconvenience of simultaneously litigating these claims in Colorado and Illinois, and the vexatious posture of plaintiffs in this action weigh heavily in favor of our declining to exercise jurisdiction over this action. Accordingly, the motion to dismiss is granted. It is so ordered.

---

appropriate, the Seventh Circuit has expressed a reluctance to dismiss rather than stay the action under the *Colorado River* doctrine. *Evans Transportation Co.,* 693 F.2d at 717. Section 2–615 provides an independent basis to dismiss this action, with *Colorado River* applicable only in delineating the framework of our analysis.

8. Federal substantive law is involved only to the extent that the Illinois courts look to federal securities law for guidance in resolving claims of fraud under the Illinois Franchise Disclosure Act of 1987, Ill.Rev.Stat. ch. 121½ ¶ 1701 *et seq.*