**INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY,**
Plaintiff,

v.

**SPECIALTY WASTE SERVICES, INC., and J & S Asbestos Removal, Inc.,**
Defendants.

No. 90–3281.

United States District Court,
C.D. Illinois,
Springfield Division.

Sept. 30, 1991.

Jeff Wilday, Springfield, Ill., and T. Scott Leo, McNeela & Griffin, Ltd., Chicago, Ill., for plaintiff.

Thomas J. Immel, Lance T. Jones, Thomas R. Lamont, Springfield, Ill., and Timothy R. Thornton, St. Louis, Mo., for defendants.

## OPINION

RICHARD MILLS, District Judge:

"Colorado River Doctrine" and Illinois Code of Civil Procedure § 2–619(a)(3).

Does § 2–619 apply to a federal court hearing a diversity case pursuant to 28 U.S.C. § 1332.

No!

Defendant Specialty Waste Services, Inc.'s motion to dismiss.[1]

### Facts

Indiana Lumbermens Mutual Insurance Company (hereafter, Indiana Lumbermens) was the surety on a project to remove asbestos at the State Farm Insurance headquarters in Bloomington, Illinois. The principal on the surety bond and the party obligated to perform the work was J & S Asbestos, Inc. State Farm terminated J & S Asbestos based on allegedly poor performance and demanded Indiana Lumbermens complete the work. Indiana Lumbermens contracted with Specialty Waste Services, Inc. (hereafter, Specialty Waste) to complete the work.

Both J & S Asbestos and Specialty Waste agreed to indemnify Indiana Lumbermens for any losses incurred on the project attributable to their conduct and both posted letters of credit.

State Farm made a claim against Indiana Lumbermens for damages caused by the late completion of the work. Indiana Lumbermens settled State Farm's claim and drew down on the letter of credit from J & S Asbestos.

In 1989, Indiana Lumbermens filed suit in the Circuit Court of Cook County seeking money damages from Specialty Waste and J & S Asbestos. Thereafter, Specialty Waste filed suit against Indiana Lumbermens and the Bank of Alton to stay Indiana Lumbermens from drawing on the letter of credit posted by Specialty Waste. Specialty Waste then succeeded in getting the Cook County suit transferred to Madison County. While Indiana Lumbermens was trying to get a hearing on a motion to voluntarily dismiss the case pursuant to § 2–1005 of the Illinois Code of Civil Procedure, Specialty Waste filed an answer and counterclaim. Indiana Lumbermens motion to voluntarily dismiss was originally allowed, but that order was vacated after the Judge was alerted that Specialty Waste had filed a counterclaim before the dismissal order was entered. J & S Asbestos has been voluntarily dismissed from the Madison County case wherein it was a Defendant because Indiana Lumbermens was made whole when it drew down J & S Asbestos' letter of credit.

Turning to the proceedings in this court, Specialty Waste filed a motion for an extension of time to answer or otherwise plead until January 14, 1991. On January 3, 1991, J & S Asbestos answered the complaint and filed a counterclaim seeking $500,000 in damages. On January 14, 1991, Specialty Waste filed this motion to dismiss. Indiana Lumbermens has filed an answer to the counterclaim on March 12, 1991. Specialty Waste has not yet answered the complaint.

Specialty Waste's motion to dismiss this case is based on § 2–619(a)(3) of the Illinois Code of Civil Procedure. Indiana Lumbermens contends that § 2–619 should not be applied by a federal court and that if it is applicable in federal court, this case still should not be dismissed pursuant to it.

### Analysis

■ Under § 2–619 of the Illinois Code of Civil Procedure, a case may be dismissed if there is "another action pending between

---

**1.** The motion to dismiss cites both Illinois Code of Civil Procedure § 2–619 and Fed.R.Civ.P. 12. The supporting memorandum of law, however, makes no reference to Rule 12 and we consider it no further.

the same parties for the same cause." Defendant states that the federal district courts in this circuit "have uniformly applied the provisions of Section 2–619" and that the Seventh Circuit Court of Appeals noted this practice with apparent approval in *Aetna Casualty & Surety Co. v. Kerr–McGee Chemical Corp.*, 875 F.2d 1252 (7th Cir.1989). Defendant concludes that "Based on the clear decision of the Seventh Circuit Court of Appeal in *Aetna* … this Court should dismiss this proceeding…."

Specialty Waste is correct that many district courts have applied § 2–619(a)(3). *See e.g., Ball v. Deere & Co.*, 684 F.Supp. 1455 (C.D.Ill.1988); *Schiller v. Packaging Store, Inc.*, 690 F.Supp. 711 (N.D.Ill.1988); *General Electric Co. v. Lofton*, 675 F.Supp. 1107 (N.D.Ill.1987). Nonetheless, there remains with this Court serious doubt about whether § 2–619 should be applied in federal court.

Initially, we must disagree with Specialty Waste's characterization of *Aetna.* The Seventh Circuit stated in *Aetna* that:

> The district courts in this circuit have generally applied section 2–619(a)(3) without extended discussion of the [*Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938)] issue, relying on Judge Will's detailed analysis in *Seaboard Finance Co. v. Davis*, 276 F.Supp. 507, 512–517 (N.D.Ill.1967). Since Aetna does not challenge the district court's application of section 2–619(a)(3) in this appeal, *we will apply the Illinois statute without deciding whether it is properly controlling in federal diversity litigation.*

*Aetna*, 875 F.2d at 1255 (citations omitted and emphasis our own). Further, the Seventh Circuit's application of § 2–619(a)(3) in a case where the nonmoving party did not contest the choice of law provides no guidance in this case where Plaintiff has

strongly objected to the application of § 2–619(a)(3).

The application of § 2–619(a)(3) by federal districts courts was strongly criticized in a recent article. *See* Hedinger, *The Use of 2–619(a)(3) in Federal Courts: An Inappropriate Diversion of Colorado River*, 78 Ill.B.J. 5 (1990). In that article, Hedinger notes that two factors weighed heavily in the *Seaboard Finance* decision. First, the Plaintiff in that case was a California citizen who initially filed his suit in California and only later filed a parallel action in Illinois. Second, the Illinois state courts would almost certainly have refused to hear the action based on § 2–619. Because the Plaintiff had chosen both forums, refusing to hear the case in Illinois would not force the Plaintiff to try its case in an unfriendly forum, which was the historical purpose of the diversity statute. Therefore, the failure to apply § 2–619 in the federal court would have simply encouraged forum shopping.[2]

Hedinger observed that "although *Seaboard Finance* may have reached a desirable result, it did so at the expense of the clear mandate of the diversity statute." And while the Colorado River doctrine, a post *Seaboard Finance* development, has given the federal courts an independent means to avoid duplicative litigation, many district courts in Illinois have conjoined § 2–619 and the Colorado River doctrine. *See Byer Museum of Arts v. North River Ins. Co.*, 622 F.Supp. 1381 (N.D.Ill.1985).

In *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976), the Supreme Court stated that "Generally, as between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction….'" *Colorado River*, 424 U.S. at 817, 96 S.Ct. at 1246 (quoting

---

**2.** Unlike the facts in *Seaboard Finance,* the facts in this case show that Plaintiff, having filed suit in Cook County, Illinois, one of this country's largest metropolitan areas, has been dragged kicking and screaming into Specialty Waste's home court in Madison County, Illinois. Specialty Waste implies that it can't understand

Plaintiff's reluctance to litigate in Madison County. The determination shown by Specialty Waste to force this controversy into Madison County suggests, however, that it believes Madison County will prove to be an advantageous forum.

*McClellan v. Carland,* 217 U.S. 268, 282, 30 S.Ct. 501, 505, 54 L.Ed. 762 (1910)). By contrast, as between federal courts, duplicative litigation is to be avoided. "This difference in general approach ... stems from the virtually unflagging obligation of the federal courts to exercise the jurisdiction given them." *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246 (citations omitted).

The Court must agree with Hedinger that *Seaboard Finance*'s determination that federal courts sitting in Illinois should apply § 2–619 is no longer valid in the wake of the *Colorado River* decision.

■ Alternatively, the Court finds that even if § 2–619(a)(3) was applicable, this case should still not be dismissed pursuant to that section. Defendant J & S Asbestos is a party in this action, but is not a party in either state court action. Specialty Waste asserts that if we dismiss this case, J & S Asbestos can litigate in Madison County. But it is not sufficient that the same parties *could* be included in a pending action elsewhere, § 2–619(a)(3) allows for dismissal where "there is another action pending between *the same parties* for the same cause." (Emphasis ours.)

It is also significant that J & S Asbestos is not merely a Defendant named by Indiana Lumbermens, but is a cross-plaintiff seeking $500,000. While § 2–619(a)(3)'s "same parties" requirement can be satisfied where the parties are "substantially the same", *see e.g., Catalano v. Aetna Cas. & Sur. Co. of Illinois,* 105 Ill. App.3d 195, 61 Ill.Dec. 94, 434 N.E.2d 31 (1982); *Baker v. Salomon,* 31 Ill.App.3d 278, 334 N.E.2d 313 (1975), the absence of J & S Asbestos and its half-million dollar counterclaim from the state court action would prevent this Court from find the parties in this case to be "substantially the same" as those in the state court action.

### Conclusion

For the reasons stated above, we hold that Illinois Code of Civil Procedure § 2–619(a)(3) does not apply to federal courts sitting in Illinois. Alternatively, we find that even if that section applied in federal court, this case should not be dismissed pursuant to it.

*Ergo,* Defendant Specialty Waste's motion to dismiss pursuant to section 2–619(a)(3) of the Illinois Code of Civil Procedure is DENIED.

