INTERNATIONAL GAMES, INC., Plaintiff-Appellant, *v.* WILLIAM A. SIMS, Defendant-Appellee.

Third District   No. 82—58

Opinion filed December 30, 1982.

Jonathan B. Gilbert and Sheldon Davidson, both of Pedersen & Houpt, of Chicago, and Louis Bertani and George F. Mahoney, III, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellant.

Frank R. Thienpont and Jacques M. Dulin, both of Dulin & Thienpont, Ltd., of Chicago, and John F. Wols, of Stefanich, McGarry & Wols, Ltd., of Joliet, for appellee.

JUSTICE ALLOY delivered the opinion of the court:

This is an appeal from a trial court order dismissing the plaintiff's complaint under section 48(1)(c) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 48(1)(c)), current version at section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 2—619).

In February 1981, the appellee in this action, Sims, filed a complaint against the appellant, International Games, Inc. (IGI), in the United States District Court for the Northern District of Illinois. An amended complaint, filed in October 1981, alleged causes of action based on section 10(b) of the Securities Exchange Act of 1934 (15 U.S.C.A. sec. 78j(b) (1981)), Securities Exchange Commission Rule 10b—5 (17 C.F.R. sec. 240.10b—5), the Illinois Securities Law of 1953 (Ill. Rev. Stat. 1979, ch. 121½, par. 137.1 *et seq.*), Illinois common law and Delaware law. Sims' Federal suit arose out of a series of actions allegedly perpetrated by IGI and its predominant shareholders to wrongfully remove Sims as a director of IGI and to freeze him out as a minority shareholder. Sims alleged that the director's meeting at which he was removed was improperly noticed and illegally held by the directors.

In response to Sims' original complaint, IGI filed this action in the Circuit Court of Will County. IGI alleged that Sims breached his fiduciary duty to the corporation when he misappropriated a corporate opportunity. Specifically, IGI claims that Sims used his position as a director to gain knowledge of a new card game that IGI was developing. Sims allegedly transmitted this information to his brother-in-law, owner of a competing game company, and became a partner in that company. Not coincidentally, Sims' amended Federal complaint alleges that Robert Tezak—IGI's predominant shareholder, president and chairman of the board—embellished and largely fabricated this charge

of misappropriation.

Sims removed IGI's action to the Federal court and moved to consolidate it with his Federal suit. The Federal court, on IGI's motion, remanded this case to the Circuit Court for Will County. The Federal court ruled that it did not have pendant jurisdiction over IGI's suit. A defendant can remove a State court suit to Federal court only if the Federal court could have asserted original jurisdiction over it. IGI's suit provides no basis for original jurisdiction in Federal court. Additionally, IGI's suit is not pendant to Sims' Federal claim. Pendant jurisdiction exists in Federal court only where a plaintiff's State law claims are closely related to *his* Federal claims.

After this suit was remanded to the circuit court, Sims moved that court to dismiss the suit or to stay proceedings under section 48(1)(c) of the Civil Practice Act. Sims argued that IGI's suit arises from the same events and occurrences that form the basis of his Federal suit, and can be asserted as compulsory counterclaims in the Federal suit. Sims further argued that the policy of avoiding multiplicity of litigation, as well as fairness to the litigants, necessitated a dismissal or stay of proceedings. The trial court agreed, and dismissed IGI's complaint. IGI now appeals.

■ IGI initially argues that dismissal under section 48(1)(c) was improper, because the Federal action and the State action do not involve the "same parties" or the "same cause." IGI contends that count II of the Federal suit, in which Sims complains of his wrongful dismissal from the board of directors, does not name IGI as a party. This contention is without merit. Although the Federal complaint alleges Robert Tezak *instigated* the removal of Sims from the board, it also alleges the *IGI board of directors removed* Sims from his office. Moreover, Sims' Federal suit, though nominally a derivative action brought on behalf of the corporation, in fact places IGI in an adverse position. Under section 48(1)(c), therefore, the parties are sufficiently identical. See also *Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31 ("same parties" requires litigants to be substantially the same, not identical).

■ Similarly, IGI's argument that the two suits are not the same cause must also fail. Relying upon *People ex rel. Phillips Petroleum Co. v. Gitchoff* (1976), 65 Ill. 2d 249, 357 N.E.2d 534, IGI argues that the two causes are not the same, for purposes of section 48(1)(c), when the issues and the proof will differ significantly. According to IGI, its State court suit examines the reasons for Sims' removal from the board—the alleged misappropriation of a corporate opportunity. In contrast, IGI asserts, the Federal court will never consider the rea-

sons for Sims' removal: The Federal court will apply Illinois law, which applies Delaware law to evaluate the duty a director owes to a corporation incorporated in Delaware. (*Libco Corp. v. Roland* (1981), 99 Ill. App. 3d 1140, 426 N.E.2d 309.) Under Delaware law, the shareholders may remove a director at any time without cause. Del. Corp. Law Annot. sec. 141(k) (1981); *Dillon v. Berg* (D. Del. 1971), 326 F. Supp. 1214, *aff'd* (3d Cir. 1971), 453 F.2d 876.

IGI's argument must fail for several reasons. First, Sims' Federal suit alleges the IGI board of directors—not the shareholders—wrongfully removed him from his position. Under Delaware law, only the shareholders can remove a director without cause. (*Dillon v. Berg*.) Second, even if the shareholders of IGI removed Sims, section 141(k) of the Delaware Corporation Laws provides for an exception to the general rule that directors may be removed without cause and also places cumulative voting restrictions on the removal of the directors. The appellate record does not include the articles of incorporation or the minutes of the meeting in which Sims was removed as a director. Without this information it is impossible to adequately assess IGI's argument. Finally, it would be inappropriate for this court to speculate upon a Federal court's rulings on jurisdictional or evidentiary matters in a pending Federal suit. Sims' Federal suit alleges a bad faith embellishment and distortion of a charge of misappropriation of a corporate opportunity as the reasons for his removal. IGI utilizes that same charge as the basis for its suit. On the face of the complaints, and the record before this court, we must conclude that both causes arise from "substantially the same set of facts," and are, therefore, the "same cause" within the meaning of section 48(1)(c). *Skolnick v. Martin* (1964), 32 Ill. 2d 55, 57, 203 N.E.2d 428.

The final and most important issue is whether the trial court abused its discretion when it dismissed IGI's State court suit. Relying heavily upon *A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, IGI argues the trial court applied the incorrect criteria to evaluate Sims' section 48(1)(c) motion. IGI asserts that under *Staley*, a trial court faced with a section 48(1)(c) motion for dismissal should evaluate the contacts between the suit and the parties to Illinois, as it would under a motion to dismiss for *forum non conveniens*.

In *Staley*, the defendant filed a breach of contract action in Iowa. On the same day, the plaintiff filed an action for breach of the same contract in Illinois. The defendant moved to dismiss the Illinois action under section 48(1)(c) and under the doctrine of *forum non conveniens*. The trial court dismissed the suit, but the appellate court re-

versed that decision. The supreme court affirmed that portion of the appellate ruling. In the instant appeal, IGI argues that *Staley* promulgated two separate tests for section 48(1)(c) motions. IGI relies upon *Staley's* comment that, when two actions are pending in different counties in Illinois, "the court's concern *** was for the orderly administration of justice within the same jurisdiction, Illinois. Such a matter is one over which the court understandably could and should exercise greater control and guidance, as opposed to a situation such as that presented here, in which a legitimate and substantial relationship of this litigation to Illinois has been demonstrated and in which the other action pending is in the courts of a sister State, over which this court has no say." (*A. E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 255.) IGI asks this court to utilize the same evaluation of the relationship of the litigation to Illinois, because Illinois courts have no control over the Federal judiciary.

Although IGI's argument is strong, it must ultimately fail. *Forum non conveniens* is not a proper issue in the instant appeal, and *Staley* does not require a trial court to adopt the criteria of that doctrine when it rules on section 48(1)(c) motions. Although the supreme court noted that *forum non conveniens* and section 48(1)(c) are interrelated procedural devices, the court made those comments in the context of an appeal in which the movant made both motions. The court specifically stated that these two motions should be used together when another action is pending and *when the defendant feels* that one forum is inconvenient. (84 Ill. 2d 245, 251.) In the case at bar, however, Sims made no *forum non conveniens* motion.

More importantly, as *Staley* also noted, the purpose of section 48(1)(c) is to avoid duplicative litigation. Undoubtedly, IGI will now have to assert its suit as a compulsory counterclaim in the Federal court. The supreme court stated that the policy of avoiding duplicative litigation does not require forcing a litigant into the courts of another State. (84 Ill. 2d 245, 253.) The supreme court, however, did not completely prohibit that result either, even assuming the Federal judiciary should be treated as the judiciary of a sister State for purposes of section 48. In *Staley*, the trial court erroneously believed that it had *no discretion* under section 48(1)(c) to refuse to dismiss a suit when a prior action for the same cause was pending in another court. The supreme court reversed and, rather than remand the case, exercised the discretion itself to rule on the merits of the motion.

■ In the case at bar, the trial court considered all relevant factors, including which suit was filed first, the length, burden and expense of two trials and the potential for contradictory verdicts and

appellate rulings. Although *Staley* did consider the relationship of the litigation to Illinois, the court did not mandate that this factor must predominate all other relevant factors. The trial court exercised its sound discretion, as *Staley* directed it to do, and we can find no manifest abuse in this decision to avoid a multiplicity of long, costly suits with potentially conflicting results.

IGI is properly concerned, of course, that it may find itself without any redress for its grievances if the Federal court rules that it has no jurisdiction over Sims' State law claims. This apprehension will be present in almost all section 48(1)(c) motions where the other action is pending in Federal court. Such speculation, however, cannot inhibit a court from exercising its discretion, for section 48(1)(c) can be used whenever another suit for the same cause and between the same parties is pending in another county, another State or in the Federal courts. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 59-60, 203 N.E.2d 428.) If the Federal court ultimately dismisses Sims' state law claims for lack of jurisdiction, IGI can reinstitute this complaint. Dismissal under section 48(1)(c) will not bar a subsequent suit in Illinois, because the ruling is not upon the merits of IGI's claim. Presently, IGI may file this action as a compulsory counterclaim to the Federal suit and have its charges heard with that suit.

Accordingly, the order and the judgment of the Circuit Court of Will County is affirmed.

BARRY, P.J., and STOUDER, J., concur.