PALATINE NATIONAL BANK, Plaintiff-Appellant, v. GUARDIAN TAMPA LIMITED PARTNERSHIP *et al.*, Defendants-Appellees.

First District (4th Division)   No. 84—341

Opinion filed March 7, 1985.

Robert Keith Larson, of Riordan, Larson, Bruckert & McCambridge, of Chicago, for appellant.

Jack L. Block and Melanie Gray, both of Sachnoff, Weaver & Rubenstein, Ltd., of Chicago, for appellees.

JUSTICE ROMITI delivered the opinion of the court:

Plaintiff, Palatine National Bank (Palatine), appeals from an order of the circuit court of Cook County granting the motion of defendant, Guardian Tampa Limited Partnership (Guardian), to dismiss Palatine's complaint on the ground that there was another action pending between the same parties for the same cause. Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3).

■ We find no abuse of discretion in the trial court's order and consequently affirm the dismissal.

On May 17, 1983, Palatine commenced this action by filing its complaint against Guardian, Guardian's individual general partners,

and the law firm of Sachnoff, Schrager, Jones & Weaver, Ltd. (The law firm was subsequently dismissed from this action on grounds not at issue here.) In its complaint Palatine alleged that defendant Robert A. Kole, one of Guardian's general partners, had assigned to Palatine all his interest in any proceeds due to him under the terms of the partnership agreement governing Guardian. This assignment was made by a collateral assignment dated April 12, 1979, and an absolute assignment dated January 29, 1981. The complaint further alleged that the defendants disputed the right of Palatine to these proceeds. Palatine sought a declaratory judgment affirming the validity of the assignment and Palatine's right to the proceeds. Palatine also sought discovery of Guardian's books and records, an accounting of proceeds due Kole, and injunctive relief against the transfer of payments due Kole except by way of payment to Palatine.

On July 27, 1979, defendant Kole had commenced a bankruptcy action in the United States Bankruptcy Court in Chicago. On June 16, 1981, the trustee in bankruptcy commenced an adversary proceeding against Palatine, alleging in its complaint that at the time of the April 1979 collateral assignment Palatine had reasonable cause to know Kole was insolvent and therefore the assignment was a voidable preference under section 550 of the Bankruptcy Act. (11 U.S.C. sec. 550 (1982).) The trustee requested that the transfer be set aside and that Palatine transfer the assignment to the trustee. On January 24, 1983, Judge Frederick J. Hertz, before whom the adversary proceeding was pending, ordered that Guardian be substituted for the trustee in that proceeding. The order also provided that Guardian was granted all the trustee's rights and powers under the Bankruptcy Act, including the trustee's power to upset any improper transfer Kole may have made to Palatine.

It was based on these proceedings that the circuit court of Cook County, on October 14, 1983, initially granted the motion to dismiss Palatine's complaint under section 2—619(a)(3). However, the court vacated its order on October 20, 1983, when it was informed by Palatine that the adversary proceeding had been closed by Judge Toles, another bankruptcy judge, on January 31, 1983.

The parties subsequently appeared before Judge Hertz on November 1, 1983. At that hearing, Judge Hertz's clerk advised the court that the adversary proceeding had never been before Judge Toles and the dismissal was a docketing error. Judge Hertz then entered an order stating:

"Judge Toles' Order which inadvertently dismissed the Adver-

sary proceeding number 81 A 22022 on January 31, 1983 is hereby vacated and is fully reinstated before Judge Hertz." Judge Hertz subsequently amended this order to state that the matter was reinstated "as if the matter has been continuously in effect and pending." Based on all of this additional information the circuit court, on January 13, 1984, granted Guardian's motion to reinstate the judgment of dismissal.

The statute at issue provides that a defendant may move for an involuntary dismissal or for other appropriate relief when "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1983, ch. 110, par. 2—619(a)(3).) Palatine first contends that the other cause, the adversary proceeding in bankruptcy, was not pending at the time this action was filed and therefore the order of dismissal was in error. But this argument presupposes that the order of filing of the two suits is a relevant factor when in fact our supreme court has specifically held that this factor is of no significance in applying section 2—619(a)(3). (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 26.) Furthermore, Palatine's view of the facts elevates form over substance. The adversary proceeding was filed almost two years before Palatine filed its action. The inadvertent closing of the adversary proceeding was immediately corrected when brought to the attention of the bankruptcy judge to whom it had been assigned, and, at the time the dismissal order at issue here was entered, the adversary proceeding was again a pending matter.

Although apparently conceding that the same parties are involved in both lawsuits, Palatine does contend that the same cause is not involved in both cases. But the same-cause element of the statute is satisfied when both causes are based on substantially the same underlying facts or issues. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428, *cert. denied* (1965), 381 U.S. 926, 14 L. Ed. 2d 684, 85 S. Ct. 1562.) And the fact that the legal theories for the causes are not identical does not destroy the same-cause element. (*Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31.) Thus, although Palatine in its complaint sought such varied relief as discovery of Guardian's assets, an accounting, and certain injunctive relief, it is clear that the fundamental factual issue in that complaint is the validity of Kole's assignment of his interest in partnership proceeds to Palatine. And, it is the validity of this assignment that also is at the heart of the dispute in the adversary proceeding in bankruptcy. Thus, for purposes of the statute, the same cause was involved in both proceedings.

Palatine also contends that the bankruptcy court lacks jurisdiction to hear the adversary proceeding because, as presently constituted, it involves a dispute between nonparties to the bankruptcy of Kole. Nothing in the record before us suggests that Palatine has raised this issue before the bankruptcy court, and we do not deem it appropriate to speculate on the possible jurisdictional ruling of that court should Palatine decide to raise the issue before it. (*International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736; see *Kirchheimer Brothers Co. v. Jewelry Mine, Ltd.* (1981), 100 Ill. App. 3d 360, 426 N.E.2d 1110.) Similarly, Palatine's contention that the relief it seeks in this cause would not be available to it in the bankruptcy court is premature as this argument presupposes that the fundamental dispute between the parties, the validity of Kole's assignment, will be resolved in Palatine's favor. Certainly if Palatine were to prevail in a jurisdictional challenge or on the fundamental issue of the validity of the assignment and then were to find itself without a remedy in the bankruptcy court, it would not then be prevented from seeking relief in the Illinois courts, as the dismissal at issue here is not on the merits. *International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736.

■ The decision to grant or deny the dismissal in this cause was a matter within the sound discretion of the trial court. (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23; *Cummings v. Iron Hustler Corp.* (1983), 118 Ill. App. 3d 327, 454 N.E.2d 1078.) As we have found no basis for concluding that the trial court abused this discretion, we affirm the dismissal order entered by that court.

The judgment of the trial court is affirmed.

Affirmed.

JIGANTI, P.J., and JOHNSON, J., concur.