GOLDEN RULE INSURANCE COMPANY, Plaintiff-Appellant, v. BRIAN ROBEZA, Adm'r of the Estate of Vivian Robeza, Defendant-Appellee.

Fifth District   No. 5—89—0228

Opinion filed February 16, 1990.

Guy E. McGaughey, Jr., of McGaughey & McGaughey, Ltd., of Lawrenceville, for appellant.

Max C. Tedford, of Cox, Phillips, Weber, Tedford & Heap, of Robinson, and Robert G. Dyer, of Dyer & Walton, of San Diego, California, for appellee.

JUSTICE GOLDENHERSH delivered the opinion of the court:

This is an interlocutory appeal pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)) brought by plaintiff, Golden Rule Insurance Company, from an order of the circuit court of Lawrence County denying plaintiff's motion to vacate the stay of the trial proceedings and for immediate trial of the issues in the Illinois case because of the status of a pending case between the same parties in California. In this cause plaintiff raises four issues: (1) whether the trial court abused its discretion in denying plaintiff's request to vacate the stay; (2) whether the California trial court's post-trial orders and judgment have *res judicata* or collateral estoppel effect in Illi-

nois; (3) whether the preexisting condition clause in the Golden Rule policy was addressed in the California litigation; and (4) whether defendant, Brian Robeza, administrator of the estate of Vivian Robeza, has abused the Illinois trial and appellate process. We affirm and remand.

In this appeal both parties filed motions to supplement the record on appeal to include a decision of the California Court of Appeals, Fourth Appellate District. This court denies both parties' motions. Plaintiff also filed a motion to impose sanctions against defendant pursuant to Supreme Court Rule 375(b) (134 Ill. 2d R. 375(b)). We likewise deny this motion. Therefore, our review today is limited to the same facts that were before the trial court. We will briefly summarize those facts.

Defendant, Brian Robeza, is the administrator of the Illinois estate of his deceased mother, Vivian Robeza. Vivian resided in Illinois and applied to plaintiff for a health insurance policy on May 1, 1984. She made the application through an independent insurance agent who sold policies for plaintiff. A policy was issued to Vivian stating it was effective May 2, 1984. Shortly after this date, Vivian became ill. She traveled to California to stay with her daughter, where her condition worsened and she was hospitalized. She ultimately died at her daughter's home in California on August 1, 1987. Due to her illness, her family submitted claims to plaintiff. Plaintiff refused to pay any benefits on the policy, contending that it had never gone into effect since Vivian had failed to answer question number 13 on the application form, and plaintiff, through the independent agent, had informed her that she would have to sign an amendment to the policy incorporating her answer to question number 13 before the policy would take effect. Plaintiff had insisted Vivian execute this amendment in the presence of the independent agent. On July 3, 1984, plaintiff notified Vivian that her file was being closed because she had not returned to Illinois to sign the policy. The claims remain unpaid.

On November 2, 1984, Vivian's family filed an action in San Diego County, California, against plaintiff, alleging tortious breach of the insurance contract. On November 5, 1984, plaintiff filed a complaint in the circuit court of Lawrence County, Illinois, requesting declaratory relief by finding: (1) that insurance coverage for Vivian Robeza had never gone into effect; (2) that the medical expenses incurred were not covered under the policy because they arose from a preexisting condition; or (3) that the insurance contract should be rescinded due to misrepresentations by the applicant.

The case in California and the case in Illinois have been a constant source of conflict for over 4½ years. On August 7, 1985, defendant filed an amended notice of interlocutory appeal under Supreme Court Rule 307 (107 Ill. 2d R. 307), a petition for leave to appeal under Supreme Court Rule 306(a)(1)(ii) (107 Ill. 2d R. 306(a)(1)(ii)), and a motion to stay the Illinois proceedings. Defendant's appeals were dismissed by this court in No. 5—85—0513. Plaintiff then took evidentiary depositions of witnesses. Thereafter, defendant obtained a certification under Supreme Court Rule 308 (107 Ill. 2d R. 308) on the issue of another cause pending between the parties. We granted leave to appeal, and in a published decision dated December 8, 1986, held against defendant. (*Golden Rule Insurance Co. v. Robeza* (1986), 151 Ill. App. 3d 801, 502 N.E.2d 1070 (hereinafter referred to as *Golden Rule I*).) Defendant filed a petition for leave to appeal to the supreme court, which was denied. Defendant filed another motion on May 28, 1987, seeking a change of venue intermixed with a claim of *forum non conveniens*, citing Macoupin County, Illinois, as a proper and more convenient forum. Before the case could be set for trial in Illinois, the California case commenced a jury trial on June 2, 1987. The California jury returned a verdict that Vivian had made material misrepresentations on her application which allowed this plaintiff to void the policy. However, the California court entered a judgment *n.o.v.* in favor of this defendant on a number of issues, holding this plaintiff liable to the estate of deceased for bad faith and to deceased's children for negligent infliction of emotional stress. A new trial was also granted by the court. An appeal and cross-appeal to the California appellate court followed. Defendant's motion to transfer venue to Macoupin County intermixed with *forum non conveniens* was denied by the Illinois circuit court, and an order was entered on January 27, 1988, that the Illinois trial should proceed on May 16, 1988. Defendant again came before this court seeking review of the trial court's ruling on venue intermixed with the *forum non conveniens* issue. On April 29, 1988, we entered an amended order denying defendant's petition for leave to appeal. On April 11, 1988, defendant filed a motion to dismiss plaintiff's complaint, arguing that the California trial court's post-trial orders and judgment were *res judicata* as to the issues to be tried on plaintiff's complaint in this cause. On May 9, 1988, defendant filed a motion to stay these proceedings which the trial court granted on May 11, 1988. It is this decision that plaintiff appeals.

Plaintiff's first issue on appeal is whether the trial court abused its discretion in denying plaintiff's request to vacate the stay. Plain-

tiff argues that the pendency of the California action and its relationship to the Illinois case were considered in depth by this court in our 1986 published opinion in *Golden Rule I*. In that case, we affirmed the trial court's decision to allow the Illinois case to proceed despite the fact that an action involving virtually the same parties and the same issues had been filed in California. Plaintiff contends that the trial court disregarded our "mandate" in that opinion by later staying the Illinois trial. Ultimately, plaintiff seeks to have the trial court's decision reversed with directions to proceed to trial. Defendant responds that *Golden Rule I* was not a "mandate" requiring the Illinois action to proceed to trial, but was merely a finding that the lower court had not abused its discretion in refusing to stay the Illinois action. Defendant also contends that the circumstances between the parties changed substantially once the California court returned its judgment. Allowing the Illinois action to proceed to judgment with the California judgment as substantial evidence could create a legal monstrosity, as the California judgment was still pending on appeal. Defendant argues that the trial court was within its discretion to order a stay in order to avoid the risk of conflicting judgments. We agree that the circuit court acted within its discretion.

■ The instant issue is virtually identical to the issue we decided in *Golden Rule I*. As such, our discussion here will parallel that opinion. Section 2—619(a)(3) of the Code of Civil Procedure provides that a motion for dismissal "or for other appropriate relief" may be made where "there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1987, ch. 110, par. 2—619(a)(3).) The purpose of this statute is to avoid duplicative litigation. (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 252, 419 N.E.2d 23, 27.) Nevertheless, even when the "same cause" and "same parties" requirements are met, this section does not require automatic dismissal. The decision to grant or to deny the motion is clearly discretionary with the trial court. (*Kellerman v. MCI Telecommunications Corp.* (1986), 112 Ill. 2d 428, 447, 493 N.E.2d 1045, 1053.) In *Golden Rule I* we found that the issue, therefore, was not whether we would have dismissed or stayed the Illinois action, but whether the trial court abused its discretion in refusing to do so. We found that the trial court did not abuse its discretion and remanded the cause for further proceedings consistent with our opinion. Our decision in *Golden Rule I* did not order the trial court to proceed to trial as plaintiff suggests. We found that the trial court did not abuse its discretion by refusing to dismiss or stay the Illinois action *at that time.*

■ Today, we are again asked to decide whether the trial court abused its discretion, this time by staying the trial. Since we decided *Golden Rule I*, on December 8, 1986, the California action proceeded to trial with the resulting verdict, judgment and appeal described above. These additional events distinguish the instant case from that of *Golden Rule I*.

In the instant case, the trial court relied on *Wiseman v. Law Research Service, Inc.* (1971), 133 Ill. App. 2d 790, 270 N.E.2d 77, in granting defendant's motion to stay the Illinois trial. In *Wiseman*, the defendant moved to stay the trial in Illinois pending the outcome of an appeal in New York between the same parties concerning the same cause of action. The *Wiseman* court reversed the decision of the trial court and granted the defendant's motion to stay, finding that while it was unclear to what use the New York judgment following appeal might be put, indications were that it could be used as *res judicata*. The *Wiseman* court therefore found it best to restrain the plaintiffs from prosecuting the case in Illinois pending the outcome of the New York case, with the caveat that should the trial court subsequently determine that the New York action was not proceeding apace, the stay could be set aside.

Plaintiff contends that *Wiseman* is distinguishable from the instant case because it involves a New York judgment, which, unlike a California judgment, is final for purposes of *res judicata* while on appeal. A California judgment is not final while an appeal therefrom is pending. (*People ex rel. Gow v. Mitchell Brothers' Santa Ana Theater* (1980), 101 Cal. App. 3d 296, 161 Cal. Rptr. 562.) While plaintiff is correct that the cases are distinguishable, we cannot say that the trial court abused its discretion. The trial court recognized the potential for inconsistent judgments once the appeal was final and found that judicial economy was better served by granting a stay. This is not to say that the trial court may not determine at a future date, especially with the publication of the California appellate court decision, that the Illinois case should proceed to trial.

Although plaintiff raised several other issues, this court finds that these issues need not be addressed at this time. Just as our prior decision in *Golden Rule I* was not a mandate to proceed to trial immediately, we likewise are not saying by this decision that the instant case should never be heard in Illinois. Our decision focuses on our determination that the trial court did not abuse its discretion in granting defendant's motion to stay the case and in denying plaintiff's request to vacate the stay.

For the foregoing reasons, the order of the circuit court of

Lawrence County is affirmed and the cause is remanded for proceedings not inconsistent with this opinion.

Affirmed and remanded.

HARRISON and WELCH, JJ., concur.