QUANTUM CHEMICAL CORPORATION, Plaintiff-Appellant, v. HART-FORD STEAM BOILER INSPECTION AND INSURANCE COMPANY *et al.*, Defendants-Appellees.

Third District   No. 3—92—0854

Opinion filed July 9, 1993.

Robert A. Downing, Gerard D. Kelly, and Robert E. Easton, all of Sidley & Austin, of Chicago (Eugene A. Schoon, of counsel), for appellant.

Kimberley K. Baer and John A. Bannon, both of Skadden, Arps, Slate, Meagher & Flom, of Chicago (Susan Getzendanner, of counsel), for appellee Hartford Steam Boiler Inspection and Insurance Company.

Lawrence Zelle and Michael R. Cashman, both of Zelle & Larson, of Minneapolis, Minnesota (Robert M. Wattson, of counsel), for appellee Industrial Risk Insurers.

Henry K. Daar, of Kostow & Daar, of Chicago, for appellee DR Insurance Company.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Quantum Chemical Corporation (Quantum), appeals from an order of the circuit court of Grundy County dismissing plaintiff's complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3)). We affirm in part, reverse in part and remand.

Quantum owns and operates a chemical plant in Morris, Illinois. Defendant Hartford Steam Boiler Inspection and Insurance Company (HSB) provides boiler and machinery insurance to Quantum. Defend-

ants Industrial Risk Insurers and DR Insurance Company (property insurers) provide Quantum with commercial property insurance.

On September 12, 1989, a heat exchanger failed at Quantum's Morris plant. The failure and ensuing fire resulted in two deaths, several injuries and extensive property damage. Production was halted for more than six months.

Quantum submitted claims to its insurers for $34,356,554 for property damage and $152,766,000 for business interruption losses. HSB denied coverage for all losses from the incident, claiming that such losses resulted from an "explosion" which was excluded from coverage under the terms of its policy. The property insurers settled with Quantum for the property damage but denied coverage for business interruption losses and the loss of the heat exchanger, claiming that the incident resulted from a preexisting crack in the heat exchanger which was covered by HSB's policies.

On October 29, 1991, HSB filed a declaratory judgment action in the United States District Court for the Northern District of Illinois seeking a determination that the damages resulting from the Morris plant accident were not covered by its policy. Jurisdiction in the Federal suit was based upon diversity of citizenship. On April 3, 1992, prior to filing an answer in the Federal suit, Quantum filed a complaint against HSB and the property insurers in Grundy County circuit court alleging breach of the insurance contracts and a bad-faith failure to pay under the policies.

On June 19, 1992, the defendants filed motions to dismiss Quantum's complaint pursuant to section 2—619(a)(3). Defendants argued that Quantum's complaint arose from the same events and occurrences that formed the basis of HSB's previously filed Federal declaratory judgment action and, therefore, Quantum's claims against HSB had to be asserted as a compulsory counterclaim in the Federal suit pursuant to Federal Rule 13(a). (Fed. R. Civ. P. 13(a).) Although diversity of citizenship is lacking between Quantum and the property insurers, the Federal court could exercise supplemental jurisdiction over Quantum's claims against the property insurers since those claims also arise from the same events and occurrences and form a part of the same controversy as the original Federal suit filed by HSB. (See 28 U.S.C. §1367 (1990).) Defendants argued that because all of the parties could properly be brought before the Federal court, the policy of avoiding duplicative litigation and inconsistent judgments necessitated a dismissal or stay of the Grundy County action. The trial court agreed and dismissed Quantum's complaint. Quantum's motion to reconsider was denied and this appeal followed.

Section 2—619(a)(3) provides in relevant part:

"Defendant may, within the time for pleading, file a motion for dismissal of the action or for other appropriate relief upon any of the following grounds. \*\*\*

\* \* \*

\*\*\* That there is another action pending between the same parties for the same cause." (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3).)

The purpose of this statute is to avoid duplicative litigation. (*A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23.) The decision to grant or deny a section 2—619(a)(3) motion is within the discretion of the trial court (*Kellerman v. M C I Telecommunications Corp.* (1986), 112 Ill. 2d 428, 493 N.E.2d 1045) and will not be disturbed absent an abuse of that discretion (*Golden Rule Insurance Co. v. Robeza* (1990), 194 Ill. App. 3d 468, 551 N.E.2d 693).

Initially, we reject Quantum's argument that the trial court erred in dismissing its complaint because the Grundy County action and the Federal suit are not "for the same cause," since the Federal suit did not include Quantum's claims against the property insurers. The statute requires that the two suits involve the same cause, not the same cause of action. (*Catalano v. Aetna Casualty & Surety Co.* (1982), 105 Ill. App. 3d 195, 434 N.E.2d 31.) The "same cause" element of the statute is satisfied when both causes are based on substantially the same facts or issues. (*Skolnick v. Martin* (1964), 32 Ill. 2d 55, 203 N.E.2d 428; *Palatine National Bank v. Guardian Tampa Ltd. Partnership* (1985), 131 Ill. App. 3d 441, 475 N.E.2d 1045.) "The crucial inquiry is whether the two actions arise out of the same transaction or occurrence, not whether the legal theories, issues, burden of proof or relief sought materially differ between the two actions \*\*\*." *Catalano*, 105 Ill. App. 3d at 198, 434 N.E.2d at 34.

▮▮ While HSB sued Quantum seeking a declaratory judgment and Quantum's suit alleges breach of contract and bad-faith failure to pay, it is clear that both suits arose out of the same occurrence, *i.e.*, the Morris plant accident, and both suits deal with the same fundamental issue, *i.e.*, which insurance company is responsible to pay Quantum's claim for damages resulting from the accident. Therefore, for purposes of section 2—619(a)(3), both proceedings involve the same cause.

A more difficult question is presented concerning the "same parties" requirement of the statute. At the time defendants' motions were granted, there clearly was not an action pending "between the

same parties." The trial court agreed with the defendants' argument that because Quantum was *required* to bring any claims it had against HSB as compulsory counterclaims in the Federal suit, and because Quantum *could* also bring its claims against the property insurers in the Federal suit by invoking the court's supplemental jurisdiction, the "same parties" requirement could be, or most likely would be, satisfied. The trial court felt that the only thing preventing the "same parties" element from being met was Quantum's delay in filing an answer in the Federal suit. In the trial court's view, once Quantum's answer and counterclaim were filed, all parties to the State court action would be before the Federal court.

██ It is clear that Quantum and HSB are parties to both actions, and Quantum's State court claims against HSB constitute compulsory counterclaims in the Federal suit under Federal Rule 13(a). It has been held not to be an abuse of discretion to dismiss a complaint under section 2—619(a)(3) where the allegations in the dismissed complaint amount to compulsory counterclaims in a pending Federal action. (*International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736.) In this case, there is no question that Quantum's claims against HSB will in fact be heard in the Federal court, and the State court claim will only result in duplicative litigation. Indeed, a State court would be barred from hearing such a complaint if it were not brought as a counterclaim in the Federal action. (*McDonald's Corp. v. Levine* (1982), 108 Ill. App. 3d 732, 439 N.E.2d 475 (failure to file compulsory counterclaim bars litigation of issue in State court under doctrine of *res judicata*).) Therefore, Quantum's State court claims against HSB were properly dismissed.

However, we find no authority for the proposition that Quantum's State court claims against the property insurers were properly dismissed simply because Quantum *could* have included those claims in its Federal counterclaim. In fact, the case law seems to indicate that a contrary result is required.

In *A.E. Staley Manufacturing Co. v. Swift & Co.* (1980), 84 Ill. 2d 245, 419 N.E.2d 23, Swift filed a breach of contract action in Iowa. On the same day, Staley filed an action for breach of the same contract in Illinois. The trial court dismissed the Illinois action pursuant to section 48(1)(c) of the Civil Practice Act (now section 2—619(a)(3)). The appellate court reversed the dismissal, and our supreme court affirmed that portion of the appellate decision. The court pointed out that an important factor in its decision to reinstate Staley's claim was that dismissal of the Illinois action would force Staley to proceed by counterclaim in the Iowa action. Noting that it appeared that the

Iowa rules of court did not require such a counterclaim, the court held that the policy of avoiding duplicative litigation did not require that Illinois create a *de facto* compulsory counterclaim rule for Iowa courts. *A.E. Staley*, 84 Ill. 2d at 253, 419 N.E.2d at 27.

■ Similarly here, dismissal of Quantum's State court claim against the property insurers forces Quantum to assert those claims by way of a third-party complaint in the Federal action. Unlike Quantum's claims against HSB, the claims against the property insurers are *not* compulsory under the Federal rules. Following the court in *Staley*, we find it imprudent to create a *de facto* compulsory third-party claim rule for the Federal courts. Moreover, if and when Quantum does attempt to bring its claims against the property insurers in the Federal action, there is no guarantee that the Federal court will assume jurisdiction over those claims. It is within the discretion of the Federal district court to decline to exercise its supplemental jurisdiction. (See 28 U.S.C. §1367 (1990).) As the court stated in *Staley*, "the legislature did not intend 'that [section 2—619(a)(3)] should be made so dependent on either the possible actions of a defendant or the laws of some other jurisdiction.'" (*A.E. Staley*, 84 Ill. 2d at 254, 419 N.E.2d at 28, quoting *Continental Grain Co. v. F M C Corp.* (1975), 27 Ill. App. 3d 819, 824, 327 N.E.2d 371.) Therefore, we find that the trial court abused its discretion in dismissing Quantum's claims against the property insurers because: (1) the property insurers were not parties to the Federal action; (2) Quantum's claims against them are not compulsory in the Federal courts; and (3) the Federal court's jurisdiction over those claims is discretionary.

This does not mean, however, that both suits must be tried simultaneously. It was within the discretion of the trial court to stay the State court action pursuant to section 2—619(a)(3) pending the resolution of the Federal court action. (See *People ex rel. Department of Public Aid v. Santos* (1982), 92 Ill. 2d 120, 440 N.E.2d 876.) Our supreme court has articulated several factors to consider in deciding whether a stay is appropriate: comity; the prevention of multiplicity, vexation, and harassment; the likelihood of obtaining complete relief in a foreign jurisdiction; and the *res judicata* effect of a foreign judgment in the local forum. *Santos*, 92 Ill. 2d at 130, 440 N.E.2d at 881; *A.E. Staley*, 84 Ill. 2d at 254, 419 N.E.2d at 27-28.

Under the circumstances of this case, it appears that several of these factors may weigh in favor of staying the State court proceeding. For example, all parties to the State suit may in fact be made parties to the Federal action and the controversy may be totally resolved in that forum. A stay would thus prevent unnecessary duplica-

tive litigation and waste of judicial resources. A stay would also decrease the risk of inconsistent judgments in the two forums.

The parties have raised another point which we believe weighs in favor of staying the State court action. In their briefs before this court, all parties have relied on the proposition that State courts should not speculate as to a Federal court's decision in jurisdictional matters. (*International Games, Inc. v. Sims* (1982), 111 Ill. App. 3d 922, 444 N.E.2d 736; *Palatine National Bank v. Guardian Tampa Ltd. Partnership* (1985), 131 Ill. App. 3d 441, 475 N.E.2d 1045.) Quantum argues that in dismissing its State court action the trial court inappropriately speculated that the Federal court would exercise supplemental jurisdiction over its claims against the property insurers. Defendants argue that denial of their motions to dismiss would have required the trial court to inappropriately speculate that the Federal court would *decline* to exercise supplemental jurisdiction over those claims. Perhaps the best way to avoid any speculation would be to stay the State court action pending the outcome of the Federal case.

In summary, we affirm the dismissal of Quantum's State court claims against HSB because there is a pending Federal suit between these parties for the same cause and because any claim Quantum has against HSB must be brought as a compulsory counterclaim in the Federal action. We reverse the dismissal of Quantum's claims against the property insurers because they were not parties to the Federal suit at the time of dismissal. The fact that Quantum *could* assert these claims in the Federal action, and the Federal court *may* exercise jurisdiction over them is, in our opinion, too tenuous and speculative and provides an insufficient basis upon which to grant a dismissal under section 2—619(a)(3). On remand, the trial court should determine if a stay is appropriate at this juncture.

For the reasons stated above, the order of the circuit court is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.

Affirmed in part; reversed in part and remanded.

McCUSKEY, P.J., and BARRY, J., concur.