## NORTHBROOK PROPERTY AND CASUALTY INSURANCE COMPANY, Plaintiff,

v.

## ALLENDALE MUTUAL INSURANCE COMPANY, Defendant.

### No. 95 C 2670.

United States District Court,
N.D. Illinois,
Eastern Division.

May 26, 1995.

---

**174**

John Horvath, Duane Weaver, Chicago, IL, for plaintiff.

Mark Grotefeld, Timothy Block, Chicago, IL, for defendant.

## MEMORANDUM OPINION AND ORDER

SHADUR, Senior District Judge.

Allendale Mutual Insurance Company ("Allendale"), defendant in a declaratory judgment action brought against it on March 31, 1995 in the Circuit Court of Cook County by Northbrook Property and Casualty Insurance Company ("Northbrook"), first removed that action to this District Court and then promptly moved to dismiss the action because of the pendency of a prior action that had been filed in mid-January 1995 in Montreal, Quebec, Canada by Allendale against Northbrook and others arising out of the identical facts. Northbrook has filed its memorandum in response to the motion, and the question is ready for decision.

■ What Northbrook has argued in its memorandum does not survive thoughtful analysis. Thus it urges that the Canadian and Illinois actions are not "between the same parties for the same cause" within the meaning of 735 ILCS 5/2–619(a)(3) ("Section 2–619(a)(3)") because Allendale has sued in Canada as subrogee for its insured, while here Northbrook sues Allendale for a declaration of the two insurance companies' obligations under their respective policies. But as the brief ensuing discussion reflects, upon examination that contention proves wholly unpersuasive.

When in mid-February 1995 Northbrook tried unsuccessfully to get the Canadian action dismissed under the Canadian equivalent of our forum non conveniens doctrine,[1] here is how it described Allendale's claim against it in that litigation (emphasis added):

    1. This purports to be a subrogation action by an insurance company against:

      (a) another insurance company, Defendant Northbrook Property and Casualty Insurance Company, *based on contribution in case of overlapping cover-*

---

1. That was done in what Northbrook labeled as a "Motion for Declinatory Exception," which Allendale has attached as Exhibit B to the memorandum supporting its motion to dismiss. Northbrook has raised no issue as to the validity of that exhibit.

*age* and an alleged agreement as to indemnification.

Now Northbrook tries to sing a different tune, but its characterization was right the first time around. Allendale was of course not a mere volunteer when it advanced the money for which it seeks recovery against Northbrook in Canada—Allendale did so because it had provided coverage to its insured and it therefore furnished its insured with the proceeds of that coverage, reserving the opportunity to recover over from Northbrook because it viewed the latter as liable under its own policy. Hence Northbrook's attempted distinction is one without a legal difference—it can defend the Canadian action on the merits on precisely the same grounds that it advances as its predicate for a declaration of rights here.[2] Unless there is some other reason for the inapplicability of Section 2–619(a)(3), then, it is plainly operative here.

Northbrook also states misleadingly that an action "cannot be dismissed" (its Mem. 3) under Section 2–619(a)(3), citing for that proposition *Tumminaro v. Tumminaro,* 198 Ill.App.3d 686, 144 Ill.Dec. 826, 556 N.E.2d 293 (2d Dist.1990). That argument is scotched by a simple reading of *Tumminaro,* which dealt not with the pendency of two lawsuits but rather with the effect of a prior administrative proceeding on a later lawsuit, where the administrative and judicial remedies did not at all bear the same relationship as concurrent judicial proceedings (such as the applicability of claim preclusion doctrines). There are a multitude of cases that *do* uphold the dismissal of a second lawsuit because of the pendency of an earlier lawsuit—that is the universal judicial construction of the plain meaning of the Illinois statute. *Tumminaro* simply has nothing to do with the question before this Court.

There are two other issues that bear discussion, even though Northbrook has not disputed either of the propositions as stated and discussed in Allendale's Memorandum in support of its motion. Because Northbrook has not challenged those propositions, this opinion's treatment of each will be brief.

■ First, Allendale Mem. 3 correctly states that Section 2–619(a)(3) is applicable in diversity cases in the federal district courts. This Court had so held before our Court of Appeals spoke to (without deciding) that issue in *Aetna Casualty Surety Co. v. Kerr-McGee Chem. Corp.,* 875 F.2d 1252, 1255 (7th Cir.1989), and it has continued to do so since then—particularly in light of the signal more recently conveyed by our Court of Appeals in *Locke v. Bonello,* 965 F.2d 534, 538 & n. 3 (7th Cir.1992).

■ Second, Allendale Mem. 8–9 is also correct in asserting that Section 2–619(a)(3) extends to a situation in which the earlier action has been filed in a foreign court rather than in another court in this country. On that score, even though there were three earlier Illinois Appellate Court decisions that had suggested otherwise (only one of those arising in a nonmarital situation), this Court can do no better than to cite and agree with the more recent discussion by its colleague Honorable Michael Mihm in *Ball v. Deere & Co.,* 684 F.Supp. 1455, 1457–58 (C.D.Ill.1988).

### Conclusion

Northbrook initially sought to extricate itself from the Canadian litigation by its "Motion for Declinatory Exception" (see n. 1). That effort was then rejected in a thoughtful opinion (Allendale's Mem. Ex. C) that explained why Northbrook was wrong in having urged under Article 3135 of the Civil Code of Quebec "that the authorities of another country are in a better position to decide." In material part Superior Court

---

**2.** This point dispatches Northbrook's related argument, for which it attempts to invoke *Quantum Chem. Corp. v. Hartford Steam Boiler Inspection & Ins. Co.,* 246 Ill.App.3d 557, 186 Ill.Dec. 496, 616 N.E.2d 686 (3d Dist.1993), that its claim here is not a "compulsory counterclaim" in the Canadian action, rather a claim over which the Canadian court's jurisdiction was purely discretionary. Northbrook's seeking of a declaration of rights that would relieve it of liability (as it attempts in this lawsuit) is not different from defending the Canadian action on the same basis that would render it nonliable there. That brings this case within another portion of the opinion in *Quantum Chem., id.* at 561, 186 Ill.Dec. at 499, 616 N.E.2d at 689, which *upheld* the Section 2–619(a)(3) dismissal of claims in a second lawsuit between the litigants that represented litigation duplicative of what was posed by the first lawsuit.

Justice Israel Mass ruled there that the extensive Canadian nexus to the litigation called for retention of the litigation in the Province of Quebec.

Now Northbrook attempts to take an end run around that ruling by presenting the same dispute between it and Allendale to an Illinois forum—what at least superficially seems to be a classic case of forum shopping. But whether or not that is so, this Court sees no legitimate reason for such a duplication of litigation under the circumstances—and like Judge Mihm in *Ball*, it grants the motion to dismiss under Section 2–619(a)(3). This action is dismissed.