CHARLES E. AGAN, Plaintiff-Appellant, v. DANIEL E. COLE *et al.*, Defendants-Appellees (Matthew R. Shemluck *et al.*, Defendants).

Second District    No. 2—97—0199

Opinion filed March 17, 1998.—Rehearing denied April 23, 1998.

Zachary M. Bravos, of Law Offices of Zachary M. Bravos, and Paul P. Didzerekis, both of Wheaton, for appellant.

Michael R. Konewko and Maxine R. Grief-Bless, both of Grief, Bus & Konewko, Ltd., of West Chicago, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Charles E. Agan, appeals from the dismissal of three of the four counts in his amended petition for a rule to show cause. The three counts were directed against defendants, Daniel E. Cole (Cole), Roy E. Smith (Smith), and Robert W. Boness (Boness), and another individual who is not a party to this appeal. The other defendants in the underlying case also are not parties to this appeal. The central issue in the appeal is whether the trial court erred when it ruled that plaintiff was barred from bringing the three counts in his amended petition for a rule to show cause because he was required to raise the same issues against defendants as a compulsory counterclaim in a prior bankruptcy proceeding but did not do so.

This action began on February 13, 1991, when plaintiff filed a complaint against Pioneer Engineers & Consultants, Inc. (the corporation), and certain officers, directors, and shareholders of the corporation (collectively, the corporate defendants). Plaintiff's com-

plaint alleged that the corporate defendants breached a shareholders' agreement when they failed to purchase stock that plaintiff owned in the corporation following the termination of plaintiff's employment with the corporation. Defendants were shareholders of the corporation and were among the corporate defendants.

On September 27, 1991, the circuit court entered a summary judgment in favor of plaintiff and against the corporation. The judgment was for the amount of $77,000 plus prejudgment interest. No judgment was entered against the individual corporate defendants.

On December 23, 1991, the corporation filed a voluntary bankruptcy petition in the United States Bankruptcy Court for the Northern District of Illinois. This was one day before the circuit court granted plaintiff's motion for a turnover order that would have allowed plaintiff access to corporate funds in a bank account pursuant to a garnishment. Plaintiff subsequently filed a proof of claim in the bankruptcy case. The proof of claim was based on the September 27, 1991, judgment. Defendants were not parties in the bankruptcy case.

In February 1993, plaintiff filed a motion in the bankruptcy court to dismiss the bankruptcy petition. Plaintiff sought dismissal on the ground that the bankruptcy petition had not been filed by a duly authorized or constituted board of directors of the corporation. The motion alleged that Boness, who signed the bankruptcy petition, had illegally ousted the corporation's previous board of directors during an improperly called shareholders' meeting.

The parties in the bankruptcy case subsequently entered a stipulation agreement to dismiss the bankruptcy case and to authorize the disbursement of the corporation's funds that were being held by the bankruptcy trustee. The stipulation provided that plaintiff would receive the balance of the funds after other disbursements were made. Under the terms of the stipulation, plaintiff was to receive at least $83,465.94. The stipulation stated that the funds could be disbursed because "all matters have been fully settled, compromised and adjudicated."

On May 24, 1993, the bankruptcy court entered an agreed order. Under the agreed order, the bankruptcy case was to be dismissed subject to disbursement terms that were substantially the same as the disbursement terms specified in the stipulation agreement.

Plaintiff subsequently received funds from the bankruptcy trustee totaling more than $84,000. On July 1, 1993, the clerk of the bankruptcy court issued a notice of dismissal advising the debtors, creditors, and other parties in interest that an order had been entered dismissing the bankruptcy case.

On August 25, 1993, plaintiff filed a petition for rule to show

cause in the circuit court. On August 5, 1994, plaintiff filed an amended petition for a rule to show cause (the amended petition). The amended petition contained four counts. Count IV was directed only against an attorney who had represented the corporate defendants. Count IV was litigated separately, and the circuit court entered an order finding the attorney in contempt. In a separate appeal, this court affirmed the trial court order that found the attorney in contempt. *Agan v. Cole*, 279 Ill. App. 3d 1104 (1996) (unpublished order under Supreme Court Rule 23).

Counts I, II, and III of the amended petition were directed against Cole, Smith, Boness, and the attorney who was the subject of count IV. However, the attorney has not directly participated in the proceedings regarding counts I, II, and III, and only Cole, Smith, and Boness moved to dismiss counts I, II, and III.

In the amended petition, plaintiff alleged that defendants violated certain circuit court orders. In counts I, II, and III of the amended petition, plaintiff set out conduct that defendants allegedly engaged in that, in plaintiff's view, violated the orders. The alleged conduct included the following: (1) holding an unlawful shareholders' meeting where Boness was elected president and sole director of the corporation, allowing Boness to wrongfully file the bankruptcy petition; (2) closing corporate bank accounts and transferring the funds in the accounts, thereby preventing garnishment of the funds by plaintiff; and (3) selling corporate assets for a price that was far less than the fair market value of the assets on the date of the sale, thereby impeding plaintiff's efforts to collect on his judgment.

In the amended petition, plaintiff sought a contempt order against defendants based on defendants' alleged violations of the circuit court orders. Plaintiff also sought $79,543.83 in attorney fees and expenses that he claimed he had incurred as a result of defendants' wrongful acts. Plaintiff also sought unquantified additional attorney fees and costs that he allegedly incurred in presenting the rule to show cause.

On January 29, 1997, the circuit court entered an order dismissing counts I, II, and III of the amended petition. The order explained the court's ruling as follows:

"THIS COURT FINDS that Rule 13 of the Federal Rules of Civil Procedure applies in this case as to the issues pled in the Rule to Show Cause.

THIS COURT FURTHER FINDS that the issue of attorney's fees was raised in the Plaintiff's Motion to Dismiss the Bankruptcy Action but, at the time the Stipulation was executed in settlement of the Bankruptcy matter, these Defendants did not receive any notification of Plaintiff's intentions to pursue ad-

ditional fees, and no reservation of right to pursue those attorney's fees was contained in said Stipulation and/or Order of Dismissal which dismissed the Bankruptcy matter. The Stipulation and Order of Dismissal resolved all matters in controversy."

Plaintiff's timely notice of appeal followed.

■ While the appeal was pending, defendants filed a motion in this court seeking to strike plaintiff's appellate brief, dismiss the appeal, and sanction plaintiff by assessing the costs of the appeal against him. The motion was taken with the case.

We initially address defendants' motion. Defendants base their motion on alleged violations by plaintiff of Supreme Court Rule 341 (177 Ill. 2d R. 341). We have carefully reviewed defendants' motion and find that it is without merit. Accordingly, defendants' motion is denied.

■ We now turn to the merits of the appeal. Defendants moved to dismiss counts I, II, and III of the amended petition pursuant to section 2—619 of the Code of Civil Procedure (735 ILCS 5/2—619 (West 1996)). A motion to dismiss under section 2—619 admits all well-pled allegations and reasonable inferences to be drawn from the facts. *In re Chicago Flood Litigation*, 176 Ill. 2d 179, 184 (1997). The standard of review of a trial court's order regarding a motion to dismiss pursuant to section 2—619 is *de novo*. *Hutson v. Hartke*, 292 Ill. App. 3d 411, 413 (1997).

■ The central issue before us is whether the trial court erred when it found that Rule 13 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 13) applied to plaintiff in the bankruptcy case to require him to raise in the bankruptcy case the issues that he later raised against defendants in counts I, II, and III of the amended petition in the circuit court. The part of Rule 13 that is in question is the part that governs compulsory counterclaims, *i.e.*, Rule 13(a). It is undisputed that if Rule 13(a) requires a party to state a claim as a compulsory counterclaim in a federal action and the party does not do that, then the party is precluded from bringing the claim in a subsequent action in an Illinois court. See, *e.g., Quantum Chemical Corp. v. Hartford Steam Boiler Inspection & Insurance Co.*, 246 Ill. App. 3d 557, 561 (1993).

Rule 13(a) provides, in relevant part, as follows:

"(a) **Compulsory Counterclaims.** A pleading shall state as a counterclaim any claim which at the time of serving the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the

presence of third parties of whom the court cannot acquire jurisdiction." Fed. R. Civ. P. 13(a).

Plaintiff initially contends that the circuit court erred when it found that Rule 13(a) applied to him in the bankruptcy case because Rule 13(a) requires a party to state a counterclaim only when an opposing party has first asserted a claim against the party. Plaintiff argues that no one asserted a claim against him in the bankruptcy case and therefore Rule 13(a) did not apply to require him to state a counterclaim. We agree.

By its express language, Rule 13(a) requires that a party state a counterclaim "if [the counterclaim] arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Thus, Rule 13(a) makes a counterclaim compulsory only when it is asserted against an "opposing party." *Answering Service, Inc. v. Egan.*, 728 F.2d 1500, 1503 (D.C. Cir. 1984). Under Rule 13(a), an opposing party is one who first asserts a claim against the prospective counter-claimant, because the very concept of a counterclaim presupposes the existence of a claim against the party filing the counterclaim. *Answering Service*, 728 F.2d at 1503.

■ In this case, plaintiff is correct that there was no assertion of a claim against him in the bankruptcy case. Under the above principles, Rule 13(a) therefore did not apply to plaintiff to require him to state a counterclaim in the bankruptcy case.

The case of *Quantum Chemical Corp. v. Hartford Steam Boiler Inspection & Insurance Co.*, 246 Ill. App. 3d 557 (1993), is instructive here. In that case, Quantum Chemical Corporation (Quantum) was a defendant in a federal case, and, while the federal case was pending, Quantum filed a complaint in an Illinois circuit court against the federal plaintiff (HSB) and others (the property insurers) who were not parties in the federal case. *Quantum Chemical*, 246 Ill. App. 3d at 559. The circuit court dismissed Quantum's complaint pursuant to section 2—619(a)(3) of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—619(a)(3)), which allowed dismissal when "there is another action pending between the same parties for the same cause."

The circuit court in *Quantum Chemical* determined that the federal and state cases involved the "same cause" because the two actions arose out of the same transaction or occurrence. *Quantum Chemical*, 246 Ill. App. 3d at 560. The circuit court also reasoned that the federal case involved the "same parties" as the state case even though the property insurers were not parties in the federal case because Quantum was required by Rule 13(a) to bring any claims it had against HSB as compulsory counterclaims and because

Quantum could "most likely" bring its claims against the property insurers in the federal case by invoking federal supplemental jurisdiction. *Quantum Chemical*, 246 Ill. App. 3d at 560-61.

Quantum appealed the dismissal. On appeal, the Illinois Appellate Court determined that the dismissal of Quantum's claims against HSB was appropriate because Rule 13(a) required Quantum to raise any claims it had against HSB in the federal case as compulsory counterclaims. *Quantum Chemical*, 246 Ill. App. 3d at 561. However, the appellate court found that the circuit court abused its discretion when it dismissed Quantum's claims against the property insurers because "(1) the property insurers were not parties to the Federal action; (2) Quantum's claims against them are not compulsory in the Federal courts; and (3) the Federal court's jurisdiction over those claims is discretionary." 246 Ill. App. 3d at 562.

In this case, the relationship of defendants to plaintiff is analogous to the relationship of the property insurers to Quantum in *Quantum Chemical*. For the same reasons that Quantum was not required to raise its claims against the property insurers in the federal case in *Quantum Chemical*, plaintiff was not required to raise the issues in question here against defendants in the bankruptcy case. In addition, as in *Quantum Chemical*, plaintiff's failure to raise the issues against defendants in the bankruptcy case did not preclude him from later raising the same issues against defendants in the circuit court.

For these reasons, the circuit court erred when it found that Rule 13(a) required plaintiff to raise the issues in the bankruptcy case that he subsequently raised against defendants in counts I, II, and III of the amended petition in the circuit court. The circuit court therefore also erred when it ruled that plaintiff's failure to raise the issues in question in the bankruptcy court barred him from raising them in the circuit court. Our determination that Rule 13(a) did not apply to plaintiff because no opposing party had first asserted a claim against him is dispositive of this case. Consequently, we need not address plaintiff's other contentions of error.

■ We will briefly address a matter that defendants raised on appeal. Although defendants were not parties in the bankruptcy case, they nonetheless contend that plaintiff had an obligation, regardless of whether Rule 13(a) applied, to reserve his right during the bankruptcy proceedings to raise later the issues against defendants that he raised in the amended complaint. Defendants assert that this obligation arose as a result of the stipulation agreement to dismiss the bankruptcy case.

Defendants focus on the language in the stipulation agreement

that "all matters have been fully settled, compromised and adjudicated." Defendants argue that by entering into the stipulation agreement with the corporation and the related agreed order to dismiss the bankruptcy case plaintiff either resolved all the issues he later raised against defendants or waived them by failing to reserve his right to raise them later.

Defendants' argument is unavailing. Defendants do not cite any authority in support of their position. Defendants do not rely on any theory in support of their position, except, perhaps, a vague theory of general issue preclusion. Defendants fail to point to anything in the stipulation agreement or the agreed order which even hints at, let alone resolves, the issues in question. Our review of the stipulation agreement and the agreed order failed to reveal any mention of defendants or the issues in question in either document.

In addition, defendants ignore the affidavit of plaintiff's attorney in the bankruptcy case, James S. Barber. In his affidavit, Barber states that plaintiff placed a restrictive endorsement on the payment he received pursuant to the distribution of the corporation's funds in the bankruptcy case. Barber also states that plaintiff never agreed to a release of any claim he might have against defendants.

On this record, we conclude that defendants have failed to show that either the stipulation agreement or the agreed order or both required plaintiff to reserve his right during the bankruptcy case to raise later the issues in question against defendants who were not parties to the bankruptcy proceedings. Accordingly, any failure by plaintiff to reserve such a right in the bankruptcy case did not preclude him from raising the issues in question against defendants in the amended petition.

Based on the foregoing, the judgment of the circuit court of DuPage County is reversed, and this cause is remanded for proceedings in accordance with this decision.

Reversed and remanded.

INGLIS and BOWMAN, JJ., concur.